## CO-OPERATIVE FURNITURE CO. v. SOUTHERN SURETY CO. (No. 1071.)

(Court of Civil Appeals of Texas. Beaumont. March 12, 1924.)

1. Municipal corporations ⚖⇒706(6)—Negligence in operating truck held for jury.

Whether defendant company was negligent in operating a truck hired by it without first inspecting the brakes, in view of Vernon's Ann. Pen. Code Supp. 1918, art. 820e, and whether it was negligent in driving truck in manner it did through its servant during whose control it ran into display window held for jury.

2. Trial ⚖⇒177—Erroneous direction of verdict for plaintiff held not invited by defendant.

Where both parties moved for directed verdict, defendant also moving for submission of two special issues, if defendant was not entitled to instructed verdict that fact did not deprive him of right to have special issues submitted if evidence raised them, and defendant, in so contending, did not invite trial court's error in directing verdict for plaintiff on theory defendant's motion for instructed verdict left no issue to be submitted.

**3. Insurance ⬤⇒606(1)—Insurer subrogated to rights of insured held entitled to recover reasonable cost of replacing damaged property.**

Plaintiff insurance company, which became subrogated to the rights of insured against defendant company, which broke insured's plate glass, was entitled to a reasonable cost of replacing the glass, which was to be proved like any other question of fact.

**4. Master and servant ⬤⇒302(2)—Act of driver held not beyond scope of employment.**

Where defendant's general clerk and deliveryman was directed by defendant to deliver furniture to purchaser by transporting it in truck, act of clerk in driving to a certain water tank to get water for radiator of truck *held* not an act beyond scope of his employment, either actual or apparent, whether or not defendant knew that clerk would go that way.

Appeal from Nacogdoches County Court; A. T. Russell, Judge.

Action by the Southern Surety Company against the Co-operative Furniture Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Hodges & Greve, of Nacogdoches, for appellant.

Seale & Denman, of Nacogdoches, for appellee.

HIGHTOWER, C. J. The appellant, Co-operative Furniture Company, a private corporation engaged in the retail furniture business in the town of Nacogdoches, Tex., prosecutes this appeal from a judgment of the county court of Nacogdoches county against it in favor of the appellee, Southern Surety Company, in the sum of $187.50, based upon a verdict of the jury in the case which the trial court peremptorily instructed.

[1] The controversy arose upon the following facts: Blount and Baker owned a building in the town of Nacogdoches, the front of which was set with plate glass, and this plate glass was covered by a policy of insurance issued by the appellee, Southern Surety Company. In the fall of 1922, the appellant, Co-operative Furniture Company, sold a bill of furniture to a purchaser who resided at Appleby, about ten miles distant from the town of Nacogdoches, and for the purpose of making delivery of the furniture to the purchaser, appellant rented or hired from the Ford service station in the town of Nacogdoches a one-ton truck. This truck was brought to appellant's place of business by a negro boy working for the Ford service station, and was placed in such position that the furniture sold by appellant might be loaded on the truck. The negro boy, who brought the truck to appellant's place of business, informed one of appellant's employés, E. O. Stevens, that he should put water in the radiator before starting on the journey to deliver the furniture, and after the furniture was load-

ed on the truck. Stevens, who was to drive the car, started the truck and drove it a a few feet to the water tank for the purpose of placing water in the radiator, and with the intention to then proceed on the journey to Appleby to deliver the furniture to the purchaser. After traveling between 36 and 40 feet, Stevens undertook to stop the truck by properly applying the brake, so he stated, but was unable to stop the truck, and the same ran into and against the plate glass in the building owned by Blount and Baker, and broke the glass. The policy of insurance issued by appellee to Blount and Baker contained a provision to the effect the insurance company should be subrogated to any rights or cause of action that Blount and Baker might have against any person because of damage to the plate glass, and it is agreed by counsel in this case for both sides that whatever cause of action Blount and Baker had against appellant, if any, for the damage done to the plate glass, belonged to and was suable on by the appellee here.

In its complaint against appellant, the appellee, insurance company, alleged, substantially, that appellant's agent and servant, Stevens, was guilty of negligence in operating the truck on one of the public streets and thoroughfares of the city of Nacogdoches, in that at the time of such operation the brake on the truck was not in proper repair and condition, but was defective, and that this fact could have been known by the use of ordinary care on the part of appellant and its agent and servant, Stevens, but that such care was not exercised, and, further, that appellant's agent and servant, Stevens, was guilty of negligence in the manner in which Stevens operated and handled the truck at the time he drove the same against the plate glass, and that such negligence on the part of appellant and its agent and servant, Stevens, was the proximate cause of the damage to the plate glass.

The appellant answered by general demurrer, several special exceptions, a general denial, and then specially answered that appellant was not the owner of the truck, but had only hired or rented the same for the special purpose of making a delivery of the bill of furniture to the purchaser thereof, and that it was under no duty to inspect the truck with a view to ascertaining whether the brake was in proper repair and condition, but had the right to assume that the brake was in proper repair and condition. And, further, appellant specially answered that, if Stevens was guilty of any negligence in the manner in which he handled the truck, the same was not chargeable to appellant, for the reason that Stevens was not acting within the scope of his employment at the time he drove the truck against the plate glass, but that Stevens at the time was acting as the

servant and agent of the Ford service station.

A jury was taken in the case, and upon conclusion of the testimony, both parties moved for an instructed verdict, and the court, not being able to instruct a verdict for both of them, overruled appellant's motion and sustained that of appellee and instructed the jury to return a verdict in its favor for the full amount sued for, $187.50, and rendered judgment upon the verdict so instructed. Appellant duly excepted to the peremptory instruction in favor of appellee, and that action of the court is made the basis of appellant's first assignment of error. This assignment must be sustained. We shall not go into the evidence in detail, but simply announce our conclusion that the evidence was such as to carry the case to the jury upon both issues of negligence as pleaded by the appellee, but was not of that character to warrant a peremptory instruction in its favor. If, as contended by appellee, appellant was guilty of negligence in operating the hired or rented truck without first ascertaining whether the brake was in proper repair, and if its failure to so inspect the brake was the proximate cause of the damage to the plate glass, appellant was liable for the damage sustained, or if Stevens was guilty of negligence in the manner in which he handled the truck, as alleged by appellee, and if this negligence was the proximate cause of the damage to the plate glass, appellant was liable. At this point, we may say that it is unnecessary to determine whether appellant was negligent as a matter of law in operating the truck with a defective brake, as suggested by the brief of appellee. That contention of appellee is based upon article 820e of our Penal Code Supp. 1918, which reads as follows:

"All motor vehicles must be provided at all times when being operated on the public highways with adequate brakes kept in good working order."

Unquestionably, that article would have application to any operator of such a defective automobile, if he was the owner of same, and it may be, as contended by appellee, that it also has reference to any person operating an automobile for any length of time, whether he owned the same or merely had the same temporarily rented or hired. We shall not determine that question, since we do not consider that the allegations of negligence made by appellee in that connection charge that appellant was guilty of negligence merely because it operated the hired automobile, but that the allegation, properly construed, means that it was guilty of negligence in operating the truck without proper inspection of the brake before operating it. The evidence was sufficient, however, to raise the issue as one of fact as to whether appellant was guilty of negligence in operating the truck without first properly inspecting the brake, and also the evidence was sufficient to raise as an issue of fact appellant's alleged negligence in driving the car in the manner in which it was driven by its agent, Stevens, at the time. But, as we have said, such negligence, in either respect, was not shown as a matter of law. Therefore the court was in error in peremptorily instructing the jury to return a verdict in favor of appellee.

[2] The trial court, in approving the bill of exceptions, directed against its action in giving the peremptory instruction, says, in substance, that both parties moved for an instructed verdict, and appellant also moved for the submission of two special issues, and then, in effect, the court says that appellant was deprived of the right to have the special issues carrying the issue of its negligence to the jury, because in asking the peremptory instruction and in its counsel's argument before the court, there was no issue of fact to go to the jury, and that, therefore, the court, under the circumstances, felt called upon to give the instructed verdict in favor of appellee. We think the court's action, based upon such reason, was clearly erroneous. Appellant had the right to move for an instructed verdict, if its counsel thought that appellant was entitled to it, but the mere fact that appellant moved for the instructed verdict and the trial court did not think appellant was entitled to an instructed verdict, did not deprive appellant of the right to carry the issue of negligence on its part, if any was made by the evidence, to the jury, and appellant, in making such contentions before the trial court, did not invite such error on the court's part, as seems to be the contention of appellee's counsel.

[3] But this is not the only error for which the judgment would have to be reversed. During the trial, appellee sought to prove its claimed measure of damages, $187.50, by proving by a witness that his company charged Blount and Baker that amount for replacing the plate glass, and that his company was paid that amount by Blount and Baker for such service. This evidence was objected to on the ground, substantially, that appellee's measure of damages in this case, notwithstanding it was subrogated to whatever rights Blount and Baker had, could not be proved by what Blount and Baker paid to have the plate glass replaced, but that the measure of damages would be the reasonable cost of replacing the plate glass, or its reasonable value at the time of its destruction, and insisted that appellee be held to prove its alleged damages by that method. The objection was overruled by the trial court, and the witness was permitted to answer that his company was paid the $187.50, and this was the only evidence offered upon the measure of damages in the case. The objection interposed by appellant should have

been sustained, as appellee was only entitled to recover, if at all, the reasonable cost of replacing the plate glass, and this was a question of fact to be proved by appellee like any other question of fact in the case. There can be no doubt about the correctness of this conclusion, and it is unnecessary to extend the discussion further in this connection.

[4] Since the judgment must be reversed and the cause remanded, we will dispose of other contentions made by appellant, all of which we overrule.

It is appellant's contention that the undisputed evidence adduced upon the trial showed that its employé, E. O. Stevens, was acting beyond the scope of his authority when he drove the Ford truck from appellant's place of business to put water in the radiator, and that, therefore, appellant is not responsible for his negligence, if there was such. The evidence is very conclusive, as we view it, that Stevens was a general clerk and deliveryman in appellant's establishment, and that he was directed by appellant to make the delivery to the purchaser at Appleby of this particular furniture, and to make it by carrying it in the Ford truck, and the fact that he drove by the water tank to get water in the radiator of the car, so that he might be able to reach Appleby, certainly did not take his action in that regard out of the scope of his employment, either actual or apparent, and it makes no difference in this connection whether appellant's manager had knowledge that Stevens would go by the tank for water or not.

There is nothing in appellant's contention that, because the Ford truck was only hired or rented for the purpose of making the delivery of the furniture, appellant was under no duty to ascertain whether the brake was working or not. As we have said, that was an issue of fact which had been pleaded by appellee and one on which the jury were authorized to pass.

There is nothing in appellant's contention that the evidence showed at the most that the damage to the plate glass was the result of a mere accident.

The judgment is reversed, and the cause remanded.