Isadore Bookstein, J.
This is an application for permission to compromise the cause of action of the infant Patricia Claire Maak against one Eugene Pessetto, for damages for personal injuries, caused by the alleged negligence of Pessetto, in the operation of a motor vehicle in which the infant was a passenger, on November 13, 1959.
The injuries were of a serious nature. So, too, are the sequelae.
Pessetto was an assigned risk. His policy of insurance issued by Employers Mutual Life Insurance Company of Wisconsin, hereinafter referred to as “ Employers ”, has a maximum limit of coverage for injuries sustained by any one person of $10,000. This amount is wholly inadequate to compensate the infant for the damages sustained by her. But it appears there is no financial responsibility beyond said insur *611 anee, and “ Employers ” is prepared to pay over the full amount of its policy.
The father of the infant has thus far incurred medical and hospital expenses for the infant as a result of her injuries in the sum of $5,756.13. Of this amount, the father has paid
all except the following:
Columbia Memorial Hospital .............. $120
Dr. Thomas Seymour ..................... 396
$516
That amount is to be paid to those parties directly out of the father’s share of the settlement. This would leave a balance due to the father of $5,240.13. Of that amount, he has received from Metropolitan Life Insurance Company, hereinafter referred to as “ Metropolitan ”, under a group insurance policy the sum of $3,181.88, for which amount it makes claim as subrogee.
The proposed settlement provides for the payment to the infant of $5,584. Out of the total of $10,000 to be paid, there is left a balance of $4,416. Out of this balance, there must be paid the two items above aggregating $516. There is then left a balance of $3,900 to be applied to the balance due to the father of $5,240.13 and to the subrogation claim of “Metropolitan ” in the sum of $3,181.88, so that there is a deficit so far as the father’s claim is concerned.
In order to provide the fund of $5,584 for the infant, the father, although he can ill afford it, has agreed to accept $2,000 and the “ Metropolitan ”, in consideration thereof, has very creditably agreed to a proportionate reduction of its claim from $3,181.88 to $1,900. Thus, for the balance due the father of $5,240.13, he will receive $2,000 and “Metropolitan” will receive $1,900, or a total of $3,900, leaving a deficit for the father of $1,340.13, which, however, is substantially borne by “ Metropolitan ” which has voluntarily reduced its claim from $3,181.88 to $1,900, a difference of $1,281.88.
In summary then, the $10,000 to be paid by the insurance company for the alleged tort-feasor is to be distributed as follows:
To the infant ............................ $5,584
To the father of the infant................. 2,000
To “ Metropolitan ” ...................... 1,900
To Columbia Memorial Hospital ........... 12Q
To Dr. Thomas Seymour.................. 396
Total................................. $10,000
*612 The father and the infant have no attorney and there are no attorney’s fees to be paid out of the proposed settlement.
It appears that the father was insured by ‘ ‘ Metropolitan ’ ’ under a group insurance policy under the General Electric insurance plan, which covered comprehensive medical expense benefits, which policy covered also his dependent, the infant herein. Under that policy “ Metropolitan” paid $3,181.88 out of the aforesaid medical expenses incurred of $5,756.13 and asserts a lien against the sum to be paid to the father.
The father’s policy contains the following provision: “ In the event a participating employee ” [here the father] “ or covered dependent ’ ’ [here the infant] ‘ ‘ is entitled to receive payment or reimbursement from any other person or persons as a result of legal action or claim (other than from an insurance carrier under a separate policy of insurance) with respect to any expenses paid or reimbursed to him under this Plan, the Insurance Company” [here “Metropolitan”] “ shall be entitled to rights of subrogation against such other person or persons.”
Under the aforesaid clause of the policy, “Metropolitan” claims the right to be reimbursed $3,181.88 as subrogee.
Some contention is advanced by “ Employers ” that “ Metropolitan ’ ’ is not entitled to receive said sum, because subdivision 1 of section 41 of the Personal Property Law precludes an assignment of a claim for personal injuries.
It is elementary that a ‘ ‘ father is chargeable with the support of his child. That includes medical care ”. (Borden v. Borden, 130 N. Y. S. 2d 831, 833.) It is equally elementary that a father has a right to recover from a wrongdoer the medical expense for which he became liable as the result of the injuries inflicted upon the child by such wrongdoer. (Mergentime v. New England Tel. & Tel. Co., 255 App. Div. 628, affd. 281 N. Y. 739.)
There can be no doubt but that “ Metropolitan” insurance contract with the infant’s father is one of indemnity. (Price v. Maryland Cas. Co., 162 Misc. 363; Ollendorff Watch Co. v. Pink, 253 App. Div. 73, 75; 1 Couch, Cyclopedia of Insurance Law, p. 10.)
It is equally clear that, in such a situation, the insurer is subrogated to the rights of the insured against the third-party wrongdoer. (Ocean Acc. & Guar. Corp. v. Hooker Electrochemical Co., 240 N. Y. 37; General Acc., Fire & Life Assur. Corp. v. Zerbe Constr. Co., 269 N. Y. 227; Metropolitan Cas. Ins. Co. v. Badler, 132 Misc. 132.)
Accordingly, ‘ ‘ Metropolitan ’ ’ is entitled to be repaid the amount which it has paid under its policy, as subrogee.
*613 Fortuitously, “ Metropolitan ” has offered to accept a lesser amount on a proportionate basis, as already heretofore indicated.
The situation presented on this application is a most unfortunate one, since the father of the injured infant, even disregarding the return to “ Metropolitan ” of a portion of the fund, will not be fully reimbursed for his actual loss, and the infant will receive a sum wholly disproportionate to the true value of her claim. Since the limit of insurance available is $10,000, and that full amount is being paid and the alleged wrongdoer is in the military service and without any financial responsibility, I see no alternative but to approve the application.