ANDREWS, Judge
(dissenting).
I respectfully dissent from the reversal' in this case. In doing so, I must set forth the factual as well as the legal basis of my dissent.
The Shelby Mutual Insurance Company of Shelby, Ohio, defendant, appeals from a final summary judgment entered by the Broward County Court of Record in favor of the plaintiffs, Blanche Birch and Colbia Alvin Birch, in an action on the medical payments provision of an automobile insurance policy issued by defendant to Colbia Alvin Birch.
Plaintiff, Blanche Birch, sustained personal injuries when the car in which she was a passenger was struck by a third party. As a result of the accident plaintiffs incurred medical expenses.
At the time of the accident there was in effect an automobile insurance policy issued by defendant to the plaintiff-husband. The policy provided for medical payments coverage and contained the following subrogation clause:
“In the event of any payment under the Medical Expense Coverage of this policy, *483 the company shall be subrogated to all the rights of recovery therefor which the injured person or anyone receiving such payment may have against any person or •organization and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such • rights.”
Plaintiffs brought this action on the insurance policy alleging that they had made a demand upon the defendant for the amount of the medical expenses incurred and that the defendant refused to pay on the grounds that plaintiffs had violated the subrogation clause of the policy and had not protected the subrogation rights of the ■company.
The defendant’s answer denied coverage and alleged as an affirmative defense that the plaintiffs had failed to comply with the ■subrogation provision of the policy because (a) plaintiff failed to execute and deliver necessary instruments and papers and to ■otherwise protect defendant’s subrogation rights, and (b) plaintiffs negotiated and ■effected a settlement against the third party tort-feasor without prior notice to the defendant adversely affecting the defendant’s ■subrogation rights.
Plaintiffs moved to strike the affirmative -defenses contending that the subrogation clause was void in that it was nothing more than an attempt to procure the assignment of a cause of action for personal injuries. 'The trial court struck the affirmative defenses and thereafter granted plaintiffs’ motion for summary judgment.
The sole question presented on appeal is whether a subrogation clause, which purports to subrogate the insurer to the rights ■of the insured against a third party tort-feasor to the extent that the carrier has been obligated to pay medical expenses to ■the insured, violates the common law prohibition against assigning a cause of action ior personal injuries.
While this case was pending on appeal the Third District Court of Appeal in DeCespedes v. Prudence Mutual Casualty Company, Fla.App.1966, 193 So.2d 224, upheld an identical subrogation clause. The judgment in the case before the court here is reversed by this court on the sole authority of DeCespedes, supra.
DeCespedes, supra, rejected the argument raised by plaintiffs here that the subro-gation clause in question amounted to an illegal attempt to assign a portion of a claim for personal injuries. The court noted that similar clauses have been enforced or upheld in the following cases: Application of Maak, Sup.Ct.1961, 30 Misc. 2d 610, 222 N.Y.S.2d 845; Smith v. Motor Club of America Ins. Co., Ch.Div.1959, 54 N.J.Super. 37, 148 A.2d 37, (affirmed, App.Div.1959, 56 N.J.Super. 203, 152 A.2d 369; cert. denied, 1959, 30 N.J. 563, 154 A.2d 451); Bernardini v. Home & Automobile Ins. Co., 1965, 64 Ill.App.2d 465, 212 N.E.2d 499; Damhesel v. Hardware Dealers Mutual Fire Ins Co., 1965, 60 Ill. App.2d 279, 209 N.E.2d 876; Travelers Ins. Co. v. Lutz, Akron Mun.Ct.1964, 3 Ohio Misc. 144, 210 N.E.2d 755.
An examination of the above authorities convinces me that those cases do not justify the rule adopted in DeCespedes, supra, and followed by this court
Application of Maak, supra, involved a dispute between the insurance carrier for the injured infant’s father and the insurance carrier for the third party tort-feasor. The tort-feasor was insolvent and in the military service. The insured, Mark, was not represented by counsel. The trial court held that, even though the amount offered by the tort-feasor’s carrier was totally inadequate, the insured’s insurance carrier was entitled to recover the medical payments pursuant to a subrogation clause slightly different from the one in question here. The opinion merely recited general propositions of subrogation principles in sustaining the validity of the clause.
*484 In Smith v. Motor Club of America Ins. Co., supra, the plaintiff’s insurance carrier offered to pay plaintiff’s medical expenses only on the condition that plaintiff first execute and deliver a subrogation receipt. Plaintiff refused and subsequently settled its claim with the third party tort-feasor. In rejecting the contention that the sub-rogation clause was illegal, void and against public policy, the court noted that the New Jersey Insurance Commissioner has authority to discontinue any provision of a policy of automobile liability insurance which he finds to be unjust, unfair, inequitable or contrary to law. The court reasoned that, since plaintiff’s counsel had complained to the insurance commissioner and he not having taken any action, it must be presumed that the clause in question was not against public policy.
Bernardini v. Home & Automobile Ins. Co., supra, upheld a similar clause after making the same observation that the director of insurance had not taken any action. The court held that the clause did not constitute an assignment of a cause of action for personal injuries because it was not an assignment of the entire claim of plaintiff against the tort-feasor. The court pointed out that the clause merely “impresses a lien in favor of the insurer to the extent of its payment upon any recovery obtained by the plaintiffs from the tort-feasor.” In Damhesel v. Hardware Dealers Mut. Fire Ins. Co., supra, the Illinois Court of Appeals again upheld a similar subrogation clause. The court noted that “ ‘[sjubrogation’ presupposes an actual payment and satisfaction of the debt or claim to which the party is subrogated * * * while assignment necessarily contemplates the continued existence of the debt or claim assigned.”
This court in following DeCespedes, supra, in the instant case also assumes that the subrogation clause may not be invoked until after actual payment has been made and therefore is distinguishable from the assignment of a claim. This assumption ignores the co-operation part of the subro-gation clause which provides: "* * * and such person• shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights.” (Emphasis added.) As in Smith v. Motor Club of America Ins. Co., supra, an insurance carrier may invoke the clause before payment in order to protect its rights of subrogation.
It is my opinion that, even if an insurer made payment and later attempted to recover its medical payments from the tort-feasor or insured, it is doubtful that the clause in question would be valid.
DeCespedes, supra, based its decision on the premise that the concept of subrogation is distinct from that of assignment. The court pointed out that, under the doctrine of subrogation, the insurer is substituted by operation of law to the rights of the insured whereas an assignment generally refers to or connotes a voluntary act of transferring an interest. DeCespedes, supra, 193 So.2d at 227.
The majority of the court in the instant case and the authorities cited above fail to make a distinction between the concepts of legal subrogation and conventional sub-rogation. Legal subrogation has its source in equity and arises by operation of law. Conventional subrogation arises by act of the parties and is founded upon an agreement. 30 Fla.Jur., Subrogation, § 2.
Traditionally, subrogation has not been considered an incident of insurance against personal injury. 3 Appleman, Insurance Law and Practice, § 1675 (1942). Legal subrogation has not been available to an insurer in a personal injury situation. See John G. Fleming, The Collateral Source Rule and Loss Allocation in Tort Law, 54 Calif.L.Rev. at 1478, 1499 (1966). The court in DeCespedes, supra, and this court adopt the position that, whenever the insurance policy is one of indemnity, legal subrogation should be available. In comprehensive discussion of that subject this view is advanced by Kimball & Davis, The *485 Extension of Insurance Subrogation, 60 Mich.L.Rev. 841 (1962). It is clear from a review of the authorities cited in the above law review articles that the courts, with a few isolated exceptions, have not allowed legal subrogation in cases involving personal injuries.
The question then arises whether a subro-gation clause, purporting to subrogate the insurer to the rights against a third party tort-feasor to the extent that the insurer has been obligated to pay medical expenses to the insured, is allowable under the doctrine of conventional subrogation. It should be recognized that automobile medical payments coverage is of comparatively recent origin. As was pointed out in Travelers Indemnity Company v. Chumbley, Mo.App. 1965, 394 S.W.2d 418, 425, automobile medical payments coverage was conceived and reared without benefit of subrogation, and only during the past few years have some automobile insurers included medical payment subrogation clause in their policies.
Our common law prohibits the assignment of a cause of action arising from a tort involving personal injuries. State Road Dept. v. Bender, 1941, 147 Fla. 15, 2 So.2d 298; Restatement, Contracts, § 547 (1932); 40 A.L.R.2d 500. I am of the opinion that, as applied to a subrogated right arising from a tort involving personal injuries, the distinction between conventional subrogation and assignment is purely verbal. I agree with the California decisions that the legal effect of the policy provisions is the same regardless of what term is attached to the procedure, since the result is to transfer a portion of' the insured’s cause of action against a third party tort-feasor to the insurer. Fifield Manor v. Finston, 1960, 54 Cal.2d 632, 7 Cal.Rptr. 377, 354 P.2d 1073, 78 A.L.R.2d 813; Peller v. Liberty Mutual Fire Insurance Co., 1963, 220 Cal.App.2d 610, 34 Cal.Rptr. 41. The only distinction being that the California Civil Code prohibits the assignability of causes of actions arising out of personal injuries while the same is prohibited by our common law.
I am not unmindful that the court in DeCespedes, supra, was concerned with the possibility that the plaintiffs there, as here, may recover their medical expenses twice. Although the problem of double recovery appears to be solved by the extension of subrogation to include subrogation of medical payments arising from a tort for personal injuries, there are numerous practical and legal problems which arise to take the place of a possible double recovery. Among these problems are those arising from the possibility of multiple subrogation claims,[1] trafficking in litigation for personal injuries,[2] determining what types or lines of insurance are indemnitory,[3] and the equal possibility that the insured may not get the protection for which he has paid a premium.
I submit that the same policy reasons prohibiting an assignment of a cause of action arising out of personal injuries are applicable to the expanding area of sub-rogation where damages arising from personal injuries are involved. A contrary result would require either the abrogation of our Florida common law rule prohibiting assigning a cause of action arising out of a tort involving personal injuries or legislative action authorizing subrogation in the field of personal injuries.
Although a decision of another Florida Court of Appeal is ordinarily controlling, I must respectfully decline to follow the position adopted in DeCespedes, supra. Accordingly, I would hold that a subrogation clause, which purports to subrogate the insurer to the "rights of the insured against a third party tort-feasor to the extent that the carrier has been obligated to pay medical expenses to the insured, is *486 void in that such a clause violates the common law prohibition against assigning a cause of action for personal injuries. Har-leysville Mutual Insurance Co. v. Lea, 1966, 2 Ariz.App. 538, 410 P.2d 495; Wrightsman v. Hardware Dealers Mutual Fire Insurance Co., 1966, 113 Ga.App. 306, 147 S.E.2d 860; Travelers Indemnity Co. v. Chumbley, Mo.App.1965, 394 S.W.2d 418; Fifield Manor v. Finston, 54 Cal.2d 632, 7 Cal.Rptr. 377, 354 P.2d 1073, 78 A.L.R.2d 813; Peller v. Liberty Mutual Fire Insurance Co., 1963, 220 Cal.App.2d 610, 34 Cal.Rptr. 41.

. Travelers Indemnity Company v. Chumbley, supra, 394 S.W.2d at 425.

. Harleysville Mutual Insurance Co. v. Lea, 1966, 2 Ariz.App. 538, 410 P.2d 495.

. 60 Mich.L.Rev. 841.