Per Curiam.

The issues of negligence and contributory negligence were properly submitted to the jury (Decker v. Dundee Cent. School Dist., 4 N Y 2d 462; Collentine v. City of New York, 279 N. Y. 119, 124-125; Camardo v. New York State Rys., 247 N. Y. 111, 115-116; Domino v. Mercurio, 17 A D 2d 342; Germond v. Board of Educ., Dist. No. 1, 10 A D 2d 139; Lopez v. City of *878 New York, 4 A D 2d 48, affd. 4 N Y 2d 738; Govel v. Board of Educ. of City of Albany, 267 App. Div. 621, 625). Its findings that defendant was negligent and plaintiff Robert Levy was free from contributory negligence were not against the weight of the evidence.
The action by plaintiff father was dismissed below as of the end of the plaintiffs’ case on the ground that the dentists’ bills were paid with checks of a corporation owned by the infant plaintiff’s parents. This was error. This is' not a case where there was in fact no damage caused by defendant (Drinkwater v. Dinsmore, 80 N. Y. 390); nor is this a case where the dentists rendered their services gratuitously (Coyne v. Campbell, 11 N Y 2d 372). To the contrary the dentists rendered bills for their services and were paid (see Teeter v. Burhans, 28 A D 2d 615).
A parent of an infant, unless reimbursed out of the infant’s funds, may recover the amount the jury may fairly say from the evidence was sufficient to compensate the parent for his loss of services plus the expenses actually and necessarily paid out or incurred by him for medical treatment and increased care and maintenance prior to the trial (Clarke v. Eighth Ave. R. R. Co., 238 N. Y. 246, 249-250, 252; Matter of Maak, 30 Misc 2d 610, 612).
The cases cited by defendant, holding that voluntary payments may not be recovered absent mistake of fact, or fraud, or duress of person or goods, are beside the point. There was no evidence before the court below that the corporation had voluntarily assumed plaintiff Jack Levy’s debts to the dentists. To the contrary, for all that appears in the record, the corporation issued its checks at plaintiff Jack Levy’s direction as his debtor, or as a dividend, or as a salary or as a loan to him. In any of these events, defendant was not relieved of its liability to him (see Healy v. Rennert, 9 N Y 2d 202).
The error as to plaintiff Jack Levy tainted the amount of the jury verdict in favor of plaintiff Robert Levy. In his charge the Trial Judge explicitly instructed the jury that the father’s claim for dental bills had no bearing on Robert Levy’s claim for damages; and in his discussion of Robert Levy’s damages made no mention of dental bills, incurred or to be incurred. Robert Levy was entitled to have the jury consider the medical expense theretofore incurred, when appraising the amount to be awarded to him for his injuries, pain and suffering. In addition, any reasonably anticipated medical expense after the trial belonged to the infant plaintiff (Clarke v. Eighth Ave. *879 R. R. Co. supra). Consequently, it may not be said that the jury was properly instructed concerning the amount Robert Levy could recover for his injuries, pain and suffering.
The judgment should be reversed, with $30 costs to plaintiff, second cause of action reinstated, and new trial ordered as to both plaintiffs limited to the issues of damages.
Quinn, J. (dissenting). Even if we assume that the camp counselor in charge of the infant plaintiff and his group of eight or nine fellow infant campers failed (through a momentary lapse of attention to the precise whereabouts of each of his charges) to exercise the degree of care to be expected of a reasonably prudent parent in supervising the group’s participation in the softball game, the negligence of the defendant, on the principle of respondeat superior, was a secondary or remote cause of the infant’s injury. In the chain of causality the direct, proximate cause was the independent act of the third person, Mike, the batter, in flinging the bat, or letting it slip from his grasp (Ohman v. Board of Educ. of City of N. Y., 300 N. Y. 306; Turano v. City of New York, 17 A D 2d 191, mot. for lv. to app. den. 12 N Y 2d 648; Diaz v. City of New York, 25 A D 2d 430, affd. 23 N Y 2d 748). A contributing, proximate cause of the infant plaintiff’s injury was his own negligence in placing himself in a position, behind and to the left of the batter, where admittedly he was well aware, from his knowledge of the risks attendant upon watching or participating in the game, that he was exposing himself to the danger of being struck by a flying bat or ball (Turano v. City of New York, supra; Bennett v. Board of Educ. of City of N. Y., 16 A D 2d 651, affd. 13 N Y 2d 1104; Lutzker v. Board of Educ. of City of N. Y., 262 App. Div. 881, affd. 287 N. Y. 822; Robert v. Deposit Cent. School Dist. No. 1, 18 A D 2d 947, affd. 13 N Y 2d 709; Baker v. Topping, 15 A D 2d 193, mot. for lv. to app. den. 11 N Y 2d 644. See, also, Cadieux v. Board of Educ. of City School Dist. of City of Schenectady, 25 A D 2d 579.) The complaint should have been dismissed at the close of plaintiffs’ evidence for failure to prove facts sufficient to establish the direct, proximate causal relation between any negligence on the part of defendant and the infant plaintiff’s injuries (Ohman v. Board of Educ. of City of N. Y., supra; Turano v. City of New York, supra; Rivera v. City of New York, 11 N Y 2d 856; Tsitsera v. Hudson Tr. Corp., 14 N Y 2d 855). Moreover, the infant plaintiff was guilty of contributory negligence as a matter of law in willfully exposing himself to, and thereby assuming one of the known risks incident *880 to the game of softball (Turano v. City of New York, supra; Lutzker v. Board of Educ. of City of N. Y., supra).
The judgment in favor of the infant plaintiff, Robert Levy, should be reversed and the complaint dismissed. The judgment in favor of defendant against plaintiff Jack Levy, father of the infant should be affirmed, with $30 costs.
Stbeit and Markowitz, JJ., concur in Per Curiam opinion; Quinn, J., dissents in memorandum.
Judgment reversed, with $30 costs to plaintiff, second cause of action reinstated, and new trial ordered as to both plaintiffs limited to the issues of damages.