**GROUP HOSPITAL SERVICE INC., and Group Life & Health Insurance Company, Appellants,**

v.

**STATE FARM INSURANCE COMPANY, Appellee.**

**No. 4754.**

Court of Civil Appeals of Texas, Eastland.

Dec. 20, 1974.

James H. Holmes III, Burford, Ryburn & Ford, Dallas, for appellants.

George R. Edwards, Dallas, for appellee.

WALTER, Justice.

Group Hospital Service, Inc. and Group Life & Health Insurance Company brought suit against State Farm Insurance Company to enforce their contractual subrogation rights under an applicable Blue Cross-Blue Shield insurance policy. The only evidence introduced in their non-jury trial was the following stipulation:

"Comes now Group Hospital Service, Inc. and Group Life & Health Insurance Company, hereinafter referred to as Plaintiffs, and State Farm Insurance Company, hereinafter referred to as Defendant and both Plaintiffs and Defendant being hereinafter referred to as the

parties, would respectfully show to the Court that they stipulate and agree that the following facts are true and correct in every respect, to-wit:

1. That Group Hospital Service, Inc., is an insurance company licensed to do business in the State of Texas.

2. That Group Life and Health Insurance Company is an insurance company licensed to do business in the State of Texas.

3. That Group Hospital Service, Inc. does business in the State of Texas under the name Blue Cross of Texas and writes hospitalization insurance.

4. That Group Life and Health Insurance Company does business in the State of Texas under the name Blue Shield of Texas and writes insurance covering medical payments.

5. That prior to August 21, 1971, Plaintiffs issued their Joint Certificate of Coverage No. 436–30–6861 to James E. Teer.

6. That such certificate was issued pursuant to the terms of a policy of group insurance issued by Plaintiff to Ling-Temco-Vought, Inc., which policy, under the General Provisions, paragraph P of Article XI states:

'P. SUBROGATION: The Carrier shall be subrogated to all rights of recovery which any insured person may acquire against any person or organization for negligence or any willful act resulting in illness or injury for which benefits are provided hereunder, but only to the extent of the benefits so provided. Any insured person, by receiving benefits hereunder in such case, shall be deemed to have assigned such rights of recovery to the Carrier and to have agreed to do whatever may be necessary to secure the recovery, including execution of all appropriate papers.'

7. That the premiums for said policy are fully paid by Ling-Temco-Vought, Inc.

8. That prior to August 21, 1971, James E. Teer duly enrolled his wife, Helen L. Teer, for the coverage under and in accordance with the terms of said policy.

9. That on August 21, 1971, Plaintiffs' Joint Certificate No. 436–30–6861 was in effect with respect to said Helen L. Teer.

10. That on August 21, 1971, an automobile driven by Helen L. Teer was involved in a collision with an automobile driven by John Thomas Bowers.

11. That the automobile driven by Mrs. Teer and involved in such collision was a 1969 Mercury Montego 4-door sedan.

12. That Mrs. Teer was the owner of said automobile.

13. That the automobile driven by Bowers and involved in such collision was a 1969 Ford XL 2-door sedan.

14. That Bowers was the owner of said automobile.

15. That on August 21, 1971, said automobile owned by Bowers was covered by a policy of liability insurance issued by Defendant State Farm Insurance Company.

16. That the accident in question occurred in the 2400 block of West Marshall Street in the City of Grand Prairie, Tarrant County, Texas.

17. That the accident in question between the vehicle driven by John Thomas Bowers and the vehicle of Helen L. Teer resulted solely from the negligent conduct of John Thomas Bowers.

18. That the negligence of John Thomas Bowers on the occasion in

question was the proximate cause of the accident in question and resulting injuries sustained by Helen L. Teer.

19. That Helen L. Teer was injured as a result of said collision.

20. That as a result of the injuries sustained in said collision, Mrs. Teer was hospitalized and required medical treatment.

21. That James E. Teer filed a claim with Plaintiffs for payment of expenses incurred in connection with the hospitalization and medical treatment of his wife.

22. That the amount of such expenses paid by Plaintiffs pursuant to said claim filed by James E. Teer was $2,433.80.

23. That the amount of expenses paid by Plaintiffs for the hospital and medical treatment of Helen L. Teer were reasonable and necessary as a result of the accident brought about by the negligence of John Thomas Bowers.

24. That on November 11, 1971, the Plaintiffs by mail advised the Defendant of its reservation of its right to subrogation under its contract and placed the Defendant on notice of their subrogation interest and asked that the Defendant protect its subrogation interests in any settlement made on behalf of the Defendant's insured with Helen L. Teer.

25. That by letter of November 18, 1971, the Defendant advised the Plaintiffs that it would not honor their subrogation claim.

26. That subsequent to November 18, 1971, and in spite of the fact that the Defendant was on notice of the subrogation claim asserted by the Plaintiffs, the Defendant paid to James E. Teer and Helen L. Teer a sum of money in full and final settlement of the claim of Helen L. Teer

against *James Thomas Bowers* for injuries sustained in the collision referred to in stipulation 10 above and received a full release of further liability therefor.

27. That the sum of money paid by the Defendant to James E. Teer and Helen L. Teer in settlement of her claim against *James Thomas Bowers* was in excess of $2,433.80."

■ The Court concluded that the subrogation provision in the insurance policy was void and rendered a take nothing judgment against the plaintiffs. They have appealed.

We agree with appellants' contentions that their right of subrogation is valid and enforceable and the enforcement of same is not against public policy. Appellee relies on United States Fidelity & Guaranty Co. v. Valdez, 390 S.W.2d 485 (Tex.Civ. App.–Houston 1965, writ ref. n. r. e.). The court said:

" . . . the Court held that the statutory right of subrogation did not apply to the carrier under a policy of voluntary Workman's Compensation, and that it was not therefore subrogated to the rights of the injured party against the third party tort-feasor."

In Valdez the court discussed the possibility of subrogation on three grounds: (1) In equity merely by reason of its having paid the compensation; (2) Because of the policy provision giving subrogation; (3) Under the Texas Workmen's Compensation Law, which is in effect a part of the policy because of the policy provisions, and determined that subrogation could not be maintained under either of these grounds. The court then said: "Appellant's right to subrogation, if any, must, therefore, rest in contract," and held:

"However, in this case when payments were made the judgment of the court in the compensation case provided for one of the conditions of payments, that is, a

full release of the carrier and the assureds. It also significantly provides that nothing contained in the judgment shall 'release or prejudice any right of Olga Quintero Valdez or the minor Plaintiffs in any right they might have against any third party responsible for the death of Modesto O. Valdez.' The release contains substantially the same language."

"This to us means the appellant is recognizing that all rights with regard to the beneficiaries' cause of action remained in them unimpaired by the compensation payments."

Valdez is not regarded as authority in support of appellee's contentions.

The insurer's right of subrogation has been enforced in the following cases:

Theft Insurance—Hudson Underwriters, Etc. v. Ablon, 203 S.W.2d 584, 585 (Tex.Civ.App.1947, error dism); Fire Insurance—Thoreson v. Thompson, 431 S.W.2d 341, 347 (Tex.1968); Property Insurance—Morales v. Roddy, 250 S.W. 2d 225, 226–227 (Tex.Civ.App.1952, n. w. h.); Fidelity Insurance—Republic Nat. Bank of Dallas v. Maryland Casualty Co., 184 S.W.2d 496, 499 (Tex.Civ.App. 1944, n. w. h.); Uninsured Motorist Insurance—Allstate Insurance Company v. Clarke, 471 S.W.2d 901, 907 (Tex.Civ. App.1971, error ref'd., n. r. e.); Automobile Collision Insurance—American General Ins. Co. v. Fort Worth Transit Co., 201 S.W.2d 869, 870 (Tex.Civ.App. 1947, n. w. h.); Automobile Comprehensive Insurance—Campbell v. Jefferson, 453 S.W.2d 336, 338 (Tex.Civ.App.1970, error dism.); Title Insurance—Wolff v. Commercial Standard Insurance Company, 345 S.W.2d 565, 568 (Tex.Civ.App. 1961, error ref'd. n. r. e.); Plate Glass Insurance—Co-Operative Furniture Co. v. Southern Surety Co., 264 S.W. 201, 203 (Tex.Civ.App.1924, n. w. h.); Surety Insurance—New Amsterdam Casualty Co. v. First Nat. Bank, 134 S.W.2d 470, 475 (Tex.Civ.App.1939, error dism.

judgm. cor.); Homeowners Insurance— Pelphrey v. Diver, 348 S.W.2d 453, 459 (Tex.Civ.App.1961, error ref'd., n. r. e.); and Public Liability Insurance—Employers Casualty Co. v. Transport Insurance Co., 444 S.W.2d 606, 610 (Tex.1969).

Although not directly in point on the facts of this case, the rationale of the opinion in Foundation Reserve· Insurance Company v. Cody, 458 S.W.2d 214 (Tex. Civ.App.–Dallas 1970, no writ), seems to be appropriate. Cody sought to recover against the insurance company under the "medical pay" coverage of the family automobile policy. Cody furnished proof of loss to the company. In the meantime, Cody settled for his medical expenses with a third party and executed a release. The court said:

"It is the law of Texas, as well as of New Mexico, that where a person insured under a contract which contains a right of subrogation on behalf of the insurance company settles with or releases a wrongdoer from liability for a loss before payment has been made by the insurance company, the latter's right of subrogation is thereby destroyed. Having done this, the insured forfeits any claim for indemnity under the policy."

In Yonack v. Interstate Securities Company of Texas, 5 Cir., 217 F.2d 649 (1954), at page 651 the court said:

"The courts of Texas have been peculiarly hospitable to the right of subrogation and have been in the forefront in upholding the right to it. In Faires v. Cockerell, 88 Tex. 428, 31 S.W. 190, 194, 639, 28 L.R.A. 528, Judge Brown declared:

'Perhaps the courts of no state have gone further in applying the doctrine of subrogation than has the court of this state.'"

In DeCespedes v. Prudence Mut. Cas. Co. of Chicago, Ill., 193 So.2d 224 (1966), the district court of appeal of Florida (af-

firmed by the Supreme Court of Florida, 202 So.2d 561) said:

"The question presented is whether an insured is entitled to a recovery under the medical payment coverage of an automobile policy containing the above surogation clause after he has settled his claim against the third party tortfeasor and executed a full release. The trial court answered this question in the negative, and entered a summary judgment accordingly. We agree . . . Although our courts have likened the medical payment provisions of an automobile policy to those of a personal accident policy, this medical payment coverage is, nevertheless, fundamentally one of indemnity. See Damhesel v. Hardware Dealers Mutual Fire Ins. Co., 60 Ill. App.2d 279, 209 N.E.2d 876 (1965). By executing a release the insured has destroyed any possible right of subrogation and breached the clause that he will do nothing to prejudice that right . . . The plaintiffs argue that the subrogation clause amounts to an attempt to assign a claim for personal injuries, such an assignment being invalid under the common law and not expressly sanctioned by statute. We disagree, noting that such a clause has been enforced or upheld in New York, New Jersey and Illinois, among other states. See Application of Maak, 30 Misc.2d 610, 222 N.Y.S.2d 845 (1961); Smith v. Motor Club of America Ins. Co., 54 N.J.Super. 37, 148 A.2d 37 (Ch.Div.1959), affirmed 56 N.J.Super. 203, 152 A.2d 369 (App.Div.1959), cert. den. 30 N.J. 563, 154 A.2d 451 (1959); Bernardini v. Home & Automobile Ins. Co., 64 Ill.App.2d 465, 212 N.E.2d 499 (1965); Damhesel v. Hardware Dealers Mutual Fire Ins. Co., supra; Travelers Ins. Co. v. Lutz, 3 Ohio Misc. 144, 210 N.E.2d 755 (1964)."

The out of state cases cited in DeCespedes and others uphold the validity of such subrogation agreement as we have in the case at bar.

The judgment is reversed and judgment is rendered for the appellants.