Opinion issued March 17, 2005

















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-01235-CV
__________
 
HUNG QUANG LE, Appellant
 
V.
 
MID-CENTURY INSURANCE CO. OF TEXAS AND ALLSTATE
INSURANCE CO., Appellees
 

 
 
On Appeal from County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 788998
 

 
 
MEMORANDUM OPINION
          Appellant, Hung Quang Le, challenges the trial court’s rendition of summary
judgment against him in his suit for breach of contract, declaratory judgment, and
“common fund entitlement to attorney’s fees” brought against appellees, Allstate
County Mutual Insurance Company (Allstate) and Mid-Century Insurance Company
(Mid-Century). In one point of error, Le contends that the trial court erred in granting
appellees’ summary judgment motions because he presented evidence that he did not
enter into an insurance policy containing a subrogation provision with Allstate, and
appellees did not present any evidence negating any essential elements of his claims. 
In the alternative, Le contends that, even if he did enter into a subrogation agreement
with Allstate, he was still entitled to recover attorney’s fees from Allstate based on
his creation of a common fund. Finally, Le also contends that “declaratory relief
[was] not proper in this case based on Allstate’s counterclaim.” We reverse and
remand. 
Factual and Procedural BackgroundLe was involved in a motor vehicle accident with Lien-Ai Ma (Ma) on April
7, 2001. Allstate asserts that, at the time of this accident, Le was covered by a Texas
Standard Auto Insurance Policy (the Policy) issued by Allstate. The parties agree that
Ma was insured by Mid-Century, a division of Farmers Insurance (Farmers). Allstate
further asserts that, pursuant to the Policy, it paid Le $2,000 for his medical expenses
arising out of the accident.


 
          After the accident, on August 30, 2001, Allstate sent a letter to Farmers stating,
“We possess rights of subrogation for Medical Expense Coverage payments. 
Documentation will be forwarded under separate cover. Please send $2000.00. . . .” 
Allstate identified Le as Allstate’s insured and stated the date of the accident. 
Allstate also requested that Mid-Century contact it “before settling any body injury
claims. . . .” There is no evidence in the record that the documentation referenced
in Allstate’s letter was ever forwarded to Mid-Century, that Mid-Century ever
contacted Allstate about this letter, or that Allstate took any additional steps in
pursuing its subrogation rights.
          Le filed suit against Ma in the 113th District Court of Harris County, Texas. 
On January 8, 2003, the district court entered a final judgment awarding Le the
amount of $2,400 in damages, plus pre-judgment and post-judgment interest and
costs. The parties agree that, after the judgment, Mid-Century issued two checks to
Le.


 Mid-Century contends that in light of the letter it received from Allstate, it
issued one check for $2,000, payable jointly to Le, Allstate, and Le’s attorneys, and
another check for $1,043.33, payable to Le and his attorneys, to cover the remainder
of the judgment, costs, and interest. 
          Le then brought this suit against Allstate and Mid-Century. In his second
amended petition, Le alleged that Mid-Century breached its agreement to pay the
judgment “by including the name of Allstate” on the $2,000 check. Le also requested
that the trial court declare that Allstate was not entitled to an interest in his judgment,
or alternatively that Allstate pay its share of attorney’s fees that were incurred in
obtaining the underlying judgment against Ma. Allstate answered, denied Le’s claim,
and filed a counterclaim alleging that Le’s claims were groundless and brought in bad
faith for purposes of harassment. Allstate further requested sanctions and claimed
malicious prosecution. Allstate filed a separate counterclaim for breach of contract
and declaratory relief. Mid-Century answered and generally denied Le’s allegations. 
          Allstate and Mid-Century filed summary judgment motions. In support of its
motion, Allstate filed an affidavit of an Allstate claim manager, attaching the Policy
and certifying that the Policy reflected that Le was covered by the Policy at the time
of the accident. The Policy is addressed to Le, identifies Le as the named insured,
states a policy period of March 18, 2001 to September 18, 2001, and reflects a total
premium of $1,365.16. The Policy provides medical payments coverage in the
amount of $2,000 per person. The Policy contains a subrogation provision that states,
in pertinent part:
A.      If we make a payment under this policy and the person to or for
whom payment was made has a right to recover damages from
another we shall be subrogated to that right. That person shall
do:
 
          1.       Whatever is necessary to enable us to exercise our rights;
and 
 
          . . . .
 
B.      If we make a payment under this policy and the person to or for
whom payment is made recovers damages from another, that
person shall: 
 
          1.       Hold in trust for us the proceeds of the recovery; and 
 
          2.       Reimburse us to the extent of our payment.           Le filed responses to both motions, and attached his affidavit to each motion
denying that he entered into the Policy, including the subrogation agreement
contained in the Policy.


 The trial court granted Allstate’s and Mid-Century’s
summary judgment motions and ordered that Le “take nothing” against Allstate and
Mid-Century.


 Allstate then filed a nonsuit of its counterclaims. 
Standard of Review
          We may affirm a summary judgment only when the record shows that a movant
has disproved at least one element of each of the plaintiff’s claims or established all
the elements of an affirmative defense as to each claim. Tex. R. Civ. P. 166a(c); 
American Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). The movant
has the burden of showing that there is no genuine issue of material fact and that it
is entitled to judgment as a matter of law. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 548 (Tex. 1985). In deciding whether there is a disputed material fact issue
precluding summary judgment, proof favorable to the non-movant is taken as true,
and the court must indulge every reasonable inference and resolve any doubts in favor
of the non-movant. Id. at 548-49.                 
 
Subrogation
          Le testified in his affidavit that he did not enter into the Policy and that he did
not enter into the subrogation agreement contained in the Policy. Contrary to Le’s
testimony, appellees contend that Le was Allstate’s insured at the time of the
accident, and that, based on the Policy and Allstate’s payment of Le’s medical
expenses, Allstate had subrogation rights to the payments made by Mid-Century to
Le in satisfaction of the judgment entered against Ma. Thus, we are presented with
a conflict in the summary judgment evidence.
          Appellees attempt to overcome this conflict by citing a copy of a check,
contained in the appendix to Allstate’s brief, reflecting that Allstate made payments
to Le under the Policy for his medical expenses and that Le accepted these payments. 
If the trial court could have properly considered this evidence, it may have been
sufficient to establish that Le had received benefits under this Policy and thus was
bound by the Policy, including the Policy’s subrogation provision. However, because
the record does not establish that this evidence was presented to the trial court in the
summary judgment proceedings, we may not consider it on appeal. Till v. Thomas,
10 S.W.3d 730, 733-34 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (stating that
documents attached as exhibits or appendices to briefs are not part of the record and
thus may not be considered on appeal). There is no other summary judgment
evidence proving that the Policy was in force at the time of the accident sufficient to
overcome Le’s sworn denial. 
          Based on this finding, we must also reject Mid-Century’s argument that it acted
properly in protecting Allstate’s “valid subrogation interest” by issuing a check
payable jointly to Le and Allstate after receiving Allstate’s claim that it possessed 
subrogation rights. Mid-Century relies on Group Hosp. Serv., Inc. v. State Farm Ins.
Co., 517 S.W.2d 897 (Tex. Civ. App.—Eastland 1974, no writ), which is
distinguishable. The parties in Group Hosp. Serv. did not dispute the existence of a
subrogation provision contained in an insurance policy. Rather, the plaintiff argued
that the subrogation provision was void and against public policy. Id. at 899. In this
case, however, Le denied that he entered into the Policy containing the subrogation
provision. Mid-Century’s argument that it was entitled to protect Allstate’s
subrogation rights was based on Allstate’s contention that it possessed valid
subrogation rights against Le. Because Mid-Century’s motion was dependent upon
Allstate’s motion and because Allstate’s claim to subrogation rights is not sufficiently
supported in the record and is controverted by appellant’s summary judgment
evidence, we hold that the trial court erred in entering judgment as a matter of law in
favor of appellees on the ground that Allstate had subrogation rights to payments
made by Mid-Century to Le.Common Fund
          In his second amended petition, Le requests “that Allstate pay their [sic] share
of Plaintiff’s attorney’s fees that were incurred in obtaining the [underlying]
judgment.” In his brief, Le characterizes this request as a claim for “common fund
entitlement to attorney’s fees.”


 Le argues that summary judgment on this claim was
inappropriate because “even if Le did enter into a subrogation agreement with
Allstate, this would not resolve . . . Le’s right to recover attorney’s fees based on
having created a common fund.”


 
          We agree that in his petition, Le sought recovery of a portion of his attorney’s
fees pursuant to the common fund doctrine. Appellees contend that because Le
“never mentioned the common fund doctrine, never asserted that it was appellees’
burden to refute the common fund doctrine, and never placed any evidence before the
court regarding application of the common fund doctrine, this issue cannot be
considered on appeal.” However, “It is well settled that a motion for summary
judgment must stand or fall on the grounds presented in such motion.” Guest v.
Cochran, 993 S.W.2d 397, 401 (Tex. App.—Houston [14th Dist.] 1999, no pet.). The
movant must establish his entitlement to summary judgment on ‘the issues expressly
presented to the trial court by conclusively proving all essential elements of his cause
of action or defense as a matter of law.’” Chessher v. Southwestern Bell Tel. Co., 658
S.W.2d 563, 564 (Tex.1983) (emphasis in original) (quoting City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 677 (Tex. 1979)). “The trial court, therefore,
may not grant summary judgment as a matter of law on a cause of action not
addressed in the summary judgment proceeding.” Guest, 99 S.W.3d at 409. 
          While appellees expressly addressed issues related to Allstate’s subrogation
rights and Mid-Century’s right to protect Allstate’s rights, they did not expressly
present the issue of “common fund” to the trial court in their summary judgment
motions. Therefore, we hold that the trial court erred in granting summary judgment
as a matter of law on Le’s request for attorney’s fees under the common fund doctrine
because it was not addressed in appellees’ summary judgment motions. See, e.g.,
McConnell v. Southside Sch. Dist., 858 S.W.2d 337, 342 (Tex. 1993); Stiles v.
Resolution Trust Corp., 867 S.W.2d 24, 26 (Tex. 1993).


  
          
Conclusion
          We hold that the trial court erred in granting appellees’ summary judgment
motions. We reverse the summary judgments granted in favor of appellees and
remand this case to the trial court for further proceedings.
 
 
 
                                                             Terry Jennings
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Alcala.