BRANN v. VILLAGE OF HUDSON FALLS. (No. 285-94.)

(Supreme Court, Appellate Division, Third Department. November 10, 1915.)

MUNICIPAL CORPORATIONS ⟨⬗⟩748—PARKS—INJURY FROM FOUL BALL—LIABILITY.

A village, which permitted an amateur game of baseball to be played in a public park, without profit, and which provided no screens or barriers, was not liable to plaintiff, who, while standing on the grounds behind the catcher, was struck and injured by a foul ball.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1578; Dec. Dig. ⟨⬗⟩748.]

Appeal from Trial Term, Washington County.

Action by Alfred C. Brann, an infant, by Chander A. Brann, his guardian ad litem, against the Village of Hudson Falls. From a judgment dismissing his complaint, on the ground that it did not state facts sufficient to constitute a cause of action, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Bratt & Van Wormer, of Ft. Edward (Fred A. Bratt, of Ft. Edward, of counsel), for appellant.

A. N. Richards, of Hudson Falls (W. L. Sawyer, of Hudson Falls, of counsel), for respondent.

WOODWARD, J. The complaint, in substance, alleges that the defendant maintained, or permitted to be maintained, a baseball ground upon a public park in the village of Hudson Falls, adjacent to the highway, and permitted the game to be played there without having provided suitable screens, guards, etc., and that the plaintiff, while

watching a game, or as he was about to leave the grounds, was struck by a foul ball and injured seriously. The facts, as alleged in the complaint and supplemented by the opening to the jury, appear to be that the defendant permitted baseball to be played in the public park at the corner of certain streets; that a game was in progress on the 30th day of August, 1913, and that the plaintiff happened along and stopped upon the grounds to watch the game; that after watching it for a time, from a point immediately behind the catcher, he started to leave the grounds, and had turned partly around, when a foul ball struck him on the nose, breaking the same, and producing a more or less serious injury.

There is no suggestion in the complaint that the defendant was maintaining a nuisance, and such a contention is specially disclaimed in plaintiff's brief, and the negligence of the defendant is predicated upon the alleged failure of the defendant to afford proper screens, barriers, etc., to protect those lawfully using the highway. But a careful reading of the complaint indicates clearly that the plaintiff was not in the highway at the time of his injuries. He was occupying a position immediately back of the catcher, and, while it does not appear how close he was to the catcher, no practical way is suggested how the defendant should have provided for the protection of this plaintiff. The game does not appear to have been for profit; no suggestion is made that the village gained anything from the use of the grounds; and it is entirely evident, from what the complaint does not allege, that the ball games were merely amateur affairs, and that the village officers merely acquiesced in the common custom of the community to make a playground of this park.

We think actionable negligence was not shown by the complaint or suggested in the opening to the jury, and that the complaint was properly dismissed.

The judgment appealed from should be affirmed, with costs. All concur.