Arnold Kantor, by His Guardian ad Litem, May Kantor, and May Kantor, Respondents, v. The City of New York, Defendant, Impleaded with The Board of Education of the City of New York, Appellant.

First Department, June 11, 1937.

Leonard M. Wallstein, Jr., of counsel [Paxton Blair and Frederick vP. Bryan with him on the brief; Paul Windels, Corporation Counsel], for the appellant.

Abraham P. Wilkes of counsel [Bennett I. Schlessel, attorney], for the respondents.

Townley, J. The infant plaintiff was injured in the school yard of Public School No. 98. The board of education every after-

noon, after the end of the school session, permits the gates leading from the school yard to the street to be left open so that neighborhood children of all ages may play there either alone or accompanied by their parents. The infant had used this yard for two or three years. On March 9, 1932, when he was nine years old, he was there watching a stick ball game and was struck by a boy who was riding on a bicycle and playing tag with other bicycle riders.

The court left the case to the jury upon the theory that the board of education might be deemed to be negligent for failing to protect the infant from the danger of bicycles operated by other boys in the school yard. The jury brought in a verdict for $250 for the infant and $371.45 for the mother.

We find that under the circumstances herein presented there was no duty upon the board of education to have watchers in the yard to prevent any particular forms of play. The purpose of the board of education in opening yards to the children in the neighborhood is obviously to keep them off the street and to that extent to assist in avoiding street accidents. No supervision is attempted; no organized play is established. There is no pretense of having supervisors there.

It may reasonably be inferred from the testimony in this case that the parents of the boys in the neighborhood knew all about the conditions under which the children played in that yard and had seen the operation of bicycles. Knowing these conditions, they were satisfied that the infant plaintiff should play there. The board of education has not undertaken to keep the children safe. It has given them permission to use the yard as they find it, to play in it as they would play anywhere else by themselves. The risks arising out of the fact that children of different ages play different games and may injure each other are not such that the board of education should be held liable for resulting damage. They are natural risks in the course of life that have to be borne by those on whom they fall.

The situation is substantially the same as that in *Brann* v. *Village of Hudson Falls* (169 App. Div. 874). In that case the plaintiff was watching a baseball game in a public playground. The court said: " The game does not appear to have been for profit; no suggestion is made that the village gained anything from the use of the grounds, and it is entirely evident, from what the complaint does not allege, that the ball games were merely amateur affairs and that the village officers merely acquiesced in the common custom of the community to make a play ground of this park."

This is not a case involving the necessity for supervision because of maintenance or operation of some appliance *furnished* by the defendant, as was the case in *Peterson* v. *City of New York* (267 N. Y. 204) or *Van Dyke* v. *City of Utica* (203 App. Div. 26), nor is it one where there was a danger known to the defendant and not communicated to the plaintiff, as in *Augustine* v. *Town of Brant* (249 N. Y. 198). There is nothing involved here but the dangers inherent in the play of children wherever carried on. That the defendant, in providing a place to play which would be safer than the public street, should also have imposed upon it the burden of personal supervision of such play is required neither by reason nor authority.

The judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., O'MALLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs.