SAMUEL LUTZKER, Individually and as Guardian ad Litem of IRVING LUTZKER, an Infant, Respondents, v. THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.— Action by the infant plaintiff to recover damages for personal injuries and by his father for loss of services and expenses. The defendant, The Board of Education of the City of New York, for the purpose of keeping children off the streets, where they are subject to traffic hazards, permitted several of its playgrounds to be opened after school hours. The infant plaintiff, a seventeen-year old high school student, entered the playground adjoining a public school near his home, for the purpose of playing handball. He was not a student of that school; and it was after three P. M. when he entered. While said plaintiff was standing near a game of stickball in the yard, the stick used in the game as a bat slipped out of the batter's hands, struck the infant plaintiff, and caused severe injuries to him. There was no supervisor present in the playground. Judgment was entered in favor of plaintiffs on the verdict of a jury. Judgment reversed on the law, with costs, and the complaint dismissed on the law, with costs. The testimony offered by plaintiffs was not contradicted. The case should not have been submitted to the jury. The defendant was under no duty to provide supervision of the public users of its playground. Even if it were, it would not be liable for injuries caused by the conduct of a participant in the game. (*Hoose* v. *Drumm*, 281 N. Y. 54.) In any event, the risks of the game were plainly visible and were assumed by the infant plaintiff. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.

GRACE MARATTO and RALPH MARATTO, Respondents, v. WILLIAMSBURGH SAVINGS BANK, Appellant.— In an action brought by plaintiff wife to recover damages for her personal injuries, sustained through the alleged negligence of the defendant in causing her to fall upon the stairway of a house in which she was a tenant, and by plaintiff husband for loss of services and for medical expenses, judgment in favor of plaintiffs reversed on the facts and a new trial granted, with costs to appellant to abide the event. In our opinion the verdict is against the weight of evidence upon the issues relating to defendant's alleged liability. Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.