In the Matter of the Accounting of CYNTHIA H. BURROWS, as Executrix of WILLARD S. BURROWS, Deceased. CYNTHIA H. BURROWS, Individually and as Executrix of WILLARD S. BURROWS, Deceased, Appellant-Respondent; COUNTY TRUST COMPANY, as Executor of WILLARD S. BURROWS, Deceased, Respondent-Appellant.—

Wenzel, Acting P. J., MacCrate and Ughetta, JJ., concur; Murphy, J., concurs as to the allowance of the $3,500 counsel fee, but dissents as to the allowance to the corporate coexecutor of income and management commissions on rents collected under the net lease, and votes to modify the decree by striking therefrom the provisions making such allowances, with the following memorandum: Power of an executor to take possession of real property and to collect the rents thereof shall not be exercised where it has been specifically devised to any one person, unless the power is necessary for the payment of expenses, and then only upon approval by the Surrogate (Decedent Estate Law, § 13, subd. 2, cls. [c], [d]). A man who gives all of his property to his wife makes such a specific devise to her, within the purview of the statute. The greater includes the lesser. Such a complete bequest is as effective under the statute as if, as a matter of form, he separately devised each parcel to her. (*Howe* v. *Howe's Ex'x*, 287 Ky. 756; *Kaplan* v. *Leader*, 297 Mass. 145.) With the exception of two nominal and conditional bequests, this testator provided, with respect to all of his estate that, conditioned on survivorship, " I give, devise and bequeath [it] to my wife ". This complete disposition obviated any need separately to devise each parcel. The failure of the testator to set forth such separate devises did not warrant the corporate coexecutor, without court authorization, to possess itself of the net lease on one of the two parcels which passed to the widow. In the light of substantial questions of law and fact presented, a reasonable award to the attorney for the corporate coexecutor is proper for services which benefited the estate by leading to a determination thereof. Beldock, J., dissents and votes to modify the decree, insofar as appealed from, by striking out and denying the allowance to the corporate coexecutor of commissions on rents collected after February 29, 1952, and by denying temporarily the allowance to its attorney, with leave to renew the application therefor after the question of commissions is finally determined. The executors were appointed on February 18, 1952. On that date the personal property in the estate was about $7,000 short of meeting all obligations of the estate. On February 29, 1952, $13,333.34 in rent was collected, which, together with the rest of the personal property received, was more than sufficient to pay all obligations of the estate. There is no reason why the corporate coexecutor should be allowed income and management commissions on rents of $213,333.43 collected after February 29, 1952. (*Matter of Zalaznick*, 244 App. Div. 282.) The facts reflecting the condition of the estate at that time were not such that resort to the collection of rents was necessary. Examination of the accounts and of the payments made shows that collection of rents on the part of the corporate coexecutor was officious and merely for the purpose of receiving commissions. Counsel for the corporate coexecutor was retained in April, 1953. His services were primarily for the purpose of enabling the corporate coexecutor to claim commissions. His services were helpful to the estate only with respect to the preparation of a separate account by the corporate coexecutor. His allowance should await final determination of the question of commissions.