■ SALVATORE DIELE, an Infant, by LAURA SIMONETTI, His Guardian ad Litem, et al., Appellants, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.— Action to recover damages for personal injuries, medical expenses and loss of services. The infant appellant was playing in a public school yard to which he had returned after school hours. After finishing play, he was about to leave the yard when he was struck by a bicycle ridden by a playmate. After trial by the court without a jury, the complaint was dismissed on the merits. Judgment unanimously affirmed, with costs. (*Kantor* v. *City of New York*, 251 App. Div. 454.) Present — Wenzel, Acting P. J., MacCrate, Beldock, Murphy and Ughetta, JJ.

■ In the Matter of LEONARD BYERS, Appellant, against CHARLES ABRAMS, as State Rent Administrator, Respondent.— Appeal from an order denying the petition and dismissing the proceeding to review a determination of the State Rent Administrator, fixing the maximum rents of the units in appellant's rooming house. Order unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

■ In the Matter of the Accounting of PASQUALE LANGONE, as Successor Executor of MICHELE LANGONE, Deceased, Respondent. DAVID R. SIEGEL, as Special Guardian, Respondent; JOHN LANGONE, Appellant.— In a proceeding to settle the account of a successor executor in the Surrogate's Court, Nassau County, an order was made on his motion, striking from the account the items relating to real estate and the management of real estate, and striking out the objections made to such items, on the ground that the court has no jurisdiction in respect of such issues. The decedent's residuary estate, including his real property, vested in the devisees. After his appointment, the successor executor collected the rents, paid the expenses, and otherwise managed the real property. Order reversed, with $10 costs and disbursements to all parties filing separate briefs, payable out of the estate, and motion denied. The successor executor had the power to manage the real property notwithstanding that title thereto had vested in the devisees, and his account may be settled in the Surrogate's Court. (Decedent Estate Law, § 13; *Matter of Coyne*, 269 App. Div. 853; see, also, *Matter of Burrows*, 286 App. Div. 1092.) Wenzel, Acting P. J., MacCrate, Beldock, Murphy and Ughetta, JJ., concur.