Maximilian Moss, S.
In this proceeding to settle judicially the account of the executors, a decision was rendered on July 16, 1957 disposing of certain objections, fixing legal fees and allowing disbursements, and reserving questions as to the computation of commissions for determination on the settlement of the decree presently under consideration.
In respect of objections 6, 9 and 13(a) of respondent Lillian Emma Rosenblum and objections 3, 6 and 9(a) of respondent Florence Lenoue, the court holds that the executors are entitled to commissions on the real property held in a corporate name by testator, based on the value of the stock, except as to the Quentin Road property which was specifically devised to the widow for life. Since the title to the real property was held by a corporation, the executors came into possession of personal property, namely, the stock of the corporation, notwithstanding the fact that testator was the sole stockholder. While in some instances the corporate veil may be pierced in order to determine the respective rights of the beneficiaries under the will *1016 (Matter of Rosenblum, 132 N. Y. 8. 2d 604, mod. 137 N. Y. S. 2d 479), there is no basis for doing so where the question of commissions is involved. Here the stock of the corporation was not specifically bequeathed to the trustees; nor was the real property specifically devised to them. The language of the will is that the executors transfer the stock to the trustees, indicating that the executors should have title to the stock in the first instance. On the liquidation of the corporation the executors were vested with title to the real property, which they conveyed to the trustees (137 N. Y. S. 2d 479). (Surrogate’s Ct. Act, § 285, subd. 2; cf. Matter of Manning, 159 N. Y. S. 2d 29; Matter of Gates, 4 Misc 2d 749. )
The court further holds that Rosenheim is entitled to executor’s commissions on the rentals collected (Matter of Woods, 251 App. Div. 141; Matter of Burrows, 286 App. Div. 1092; Matter of Schinasi, 2 A D 2d 105; Matter of Ellis, 139 N. Y. S. 2d 640). Objection 13(b) of said respondent Rosenblum is therefore dismissed. Objections 13(c) of said respondent and 9(b) of respondent Lenoue in respect of commissions on exempt property are sustained (Matter of Lewandowski, 183 Misc. 668; Matter of Sanchez, 58 N. Y. 8. 2d 230). Objections 13(d) and 9(b) of said respondents respectively having been complied with in the supplemental account, are dismissed. The matter of taxation of the respective bills of costs filed herein will be determined upon the signing of the decree.
Settle decree on notice.