■ JOHN BENNETT, JR., an Infant, by JOHN BENNETT, SR., His Guardian ad Litem, Respondent, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.— In an action brought by plaintiff, an infant, to recover damages for personal injuries suffered as a result of his being struck by a stick that forcibly slipped out of the batter's hands during a stickball game in a public schoolyard, after school hours, while plaintiff was in the yard watching the game, the defendant appeals from a judgment of the Supreme Court, Kings County, entered May 4, 1959, after trial, upon a jury's verdict in favor of plaintiff for $35,000. Judgment reversed on the law, without costs, and complaint dismissed. No questions of fact were considered. In our opinion, there was no warrant for submitting this case to the jury. In after-school-hour playgrounds, no duty may be imposed upon defendant to provide supervision over the playground users. Nor may defendant be cast in damages for injuries caused by the act of an intervening third party such as the batter in the stickball game here; the risks of the game were patent and were assumed by the plaintiff as a spectator (Lutzker v. Board of Educ. of City of N. Y., 262 App. Div. 881, affd. 287 N. Y. 822; Kantor v. City of New York, 251 App. Div. 454, 455–456; Diele v. Board of Educ. of City of N .Y., 1 A D 2d 676; Glatstein v. City of New York, 6 A D 2d 824, motion for leave to appeal denied 5 N Y 2d 708). Under the circumstances, it was error to have instructed the jury, over exception and over request for a contrary charge, that it was the duty of the defendant to reasonably supervise the schoolyard if it be found that it permitted the use of the yard as a play site. This attempt by the defendant to help children to escape the perils of playing in the street did not burden it with the duty of supervision over the games played or

over the equipment which the participants themselves provided (*Kantor* v. *City of New York, supra*). Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.