JOSEPH TURANO, JR., an Infant, by JOSEPH TURANO, His Guardian ad Litem, et al., Appellants, *v.* CITY OF NEW YORK, Respondent.

First Department, November 8, 1962.

*Max Toberoff* for appellants.

*John A. Murray* of counsel (*Seymour B. Quel* with him on the brief; *Leo A. Larkin, Corporation Counsel*, attorney), for respondent.

RABIN, J. The plaintiff appeals from a judgment entered April 30, 1962 dismissing the complaint at the end of the entire case on the ground that the plaintiff failed to prove actionable negligence. The defendant rested without offering proof.

On November 4, 1958, the date of the accident, the plaintiff, who was seven years of age, together with several companions went to a public playground to play stickball. Despite the fact that there was a "no ball playing" sign posted, there is no denial of the plaintiff's testimony that he and his companions received permission to play stickball from defendant's employee on duty. Although this employee held the title of assistant gardener and apparently had no special training as a recreational leader he had the duty, among others, of supervising the playground. During the game the plaintiff, who was playing "catcher" was struck in the eye by the stick swung by his playmate, who was the batter. At the time of the occurrence the employee was absent from the playground.

The plaintiff contends that the city is liable because of the failure to provide proper supervision at the time the game was played. He also contends that there is liability on the part of the city for allowing the stickball game to be played in an area where such activity is expressly prohibited.

We conclude that the failure to supervise occasioned by the absence of the defendant's employee was not the proximate cause of the injury to the plaintiff. Even had the attendant, or indeed a well-trained recreational leader, been present at the time of play it is unreasonable to conclude that the accident could have been avoided. While a recreational leader could supervise play generally he could not possibly control every single spontaneous act of the participants during the game. A swing, such as the one that caused the injury, could not have been foreseen in advance or have been prevented by the supervisor.

Of course, if the physical layout of the playground were such as to compel the catcher to assume a position too close to the arc of the swinging stick, we might come to a different conclusion. Under such conditions it could well be argued that to sanction the game would be to permit the infant plaintiff to be placed in a position of imminent and special peril as opposed to the normal risks inherent in the game. However, no such condition exists here. The photographs indicate that there was plenty of room for both catcher and batter at the place where the game was being played. Consequently, even the most prudent supervisor could not have foreseen that the infant plaintiff was in any greater danger than that which is inherent in the game. The

plaintiff, by playing, of necessity is exposed to the risks inherent in the game (*Bennett* v. *Board of Educ.*, 16 A D 2d 651). The rationale of the dismissal of the complaint of a plaintiff spectator in the *Bennett* case should apply, a fortiori, to an active participant in the game, as here.

Contrary to what the plaintiff seems to contend, the decision in the *Bennett* case did not turn only on the fact that there was no duty of supervision. With equal force it was decided, in effect, that one may not be held liable for injuries which were caused by dangers inherent in the game. The court held further that the defendant may not ''be cast in damages for injuries caused by the act of an intervening third party such as the batter in the stickball game here.'' In the *Bennett* case it was a spectator who was injured. To a greater extent does this apply where, as here, the injured party was an active participant of the game.

Nor can we find liability on the part of the city for allowing the stickball game to be played in an area where such activity was expressly prohibited. Permitting the game to be played was not the proximate cause of the accident. The place where the game was played is of no consequence. The accident could have occurred no matter where the plaintiff and his friends chose to play. The defendant may not be held liable in negligence absent a showing that the conduct of the employee in allowing the rule to be broken was the proximate cause of the accident.

We might add that the apparent purpose of the prohibition against playing ball was only for the protection of those children using the playground facilities designed and provided for this play area.

Accordingly, the judgment should be affirmed, with costs to the respondent.

VALENTE, McNALLY, STEVENS and STEUER, JJ., concur.

Judgment unanimously affirmed, with costs to the respondent.