■ BRIAN NICHOLSON, an Infant, by His Mother, MARGARET NICHOLSON, Respondent, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.—In a negligence action to recover damages for loss of an eye, defendant appeals from a judgment of the Supreme Court, Kings County, entered May 19, 1972,

in favor of plaintiff, upon a jury verdict of $210,000. Judgment reversed, on the law, and new trial granted upon the issue of damages only, with costs to abide the event, unless, within 30 days after entry of the order to be made hereon, plaintiff shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict to $160,000 and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed, without costs. The court has considered the questions of fact and has determined that it would not grant a new trial upon those questions. In our opinion the verdict was excessive to the extent indicated herein. Gulotta, P. J., Hopkins, Shapiro and Munder, JJ., concur; Martuscello, J., dissents and votes to reverse the judgment and dismiss the complaint, with the following memorandum: Plaintiff, Brian Nicholson, 7½ years of age at the time of the events under review, went to his neighborhood school yard at approximately 3:45 P.M. on Friday, June 7, 1968. While he was sitting alone in the yard, his name was called by one of about 10 children in the yard, all 13 to 14 years of age. Little Brian turned toward his caller and was struck in the left eye by an exploding firecracker. His father took him to a hospital and shortly thereafter the badly damaged eye was surgically removed. It is undisputed that the school yard was without gates for a number of years. However, there was also testimony that even when there were gates the yard was kept open after school hours. The purpose, it seems, of the defendant Board of Education in keeping the yard open to the children of the neighborhood was to keep them off the streets. No supervision was attempted and no organized play was developed. Under such circumstances, no duty may be imposed upon defendant to provide supervision over the playground users (*Bennett* v. *Board of Educ. of City of N. Y.*, 16 A D 2d 651, affd. 13 N Y 2d 1104; see, also, *Kantor* v. *City of New York*, 251 App. Div. 454). Since defendant did not undertake to keep plaintiff or the other children safe and, since, at best, it gave them permission to use the yard as they found it, I conclude that plaintiff was but a licensee who took the premises as he found them (*Krause* v. *Alper*, 4 N Y 2d 518, 520). Defendant, therefore, owed plaintiff the duty to (1) exercise reasonable care to disclose any danger known to it but not likely to be discovered by him and (2) abstain from inflicting intentional, wanton or willful injuries (*Sideman* v. *Guttman*, 38 A D 2d 420; *Goldstein* v. *Board of Educ. of Union Free School Dist. No. 23, Town of Hempstead*, 24 A D 2d 1015, affd. 18 N Y 2d 991). The record demonstrates that defendant reasonably performed its duties and that plaintiff and his parents were well aware of the conditions in the school yard. Bearing these observations in mind, I conclude that defendant breached no duty of care. The judgment, therefore, should be reversed and the complaint dismissed.