THEODORE J. O'BRYAN, an Infant, by THEODORA O'BRYAN, His Parent, et al., Respondents, v DENNIS O'CONNOR, an Infant, by PATRICK O'CONNOR, His Parent, et al., Defendants and Third-Party Plaintiffs-Appellants; NATIONAL LITTLE LEAGUE OF ALBANY, INC., Third-Party Defendant-Respondent.

Third Department, November 3, 1977

*Carter, Conboy, Bardwell, Case & Blackmore (William P. Soronen, Jr.,* of counsel), for defendants and third-party plaintiffs-appellants.

*Bruno & Sommers (George H. Barber* of counsel), for respondents.

*Maynard, O'Connor & Smith (Roger J. Cusick* of counsel), for third-party defendant-respondent.

SWEENEY, J. On August 1, 1972 at about 6:30 P.M. defendant and three other boys, without permission, entered Dalton Little League Field in Albany and began to play "home run derby". No supervisor or employee of the third-party defendant, the operator of Dalton Field, was present. Thereafter, the infant plaintiff, who was then 14 years of age, came upon the field and sat on a large steel drum located inside the fence some 25 feet from where the batter stood. After defendant swung at a pitched ball the bat flew out of his hands and struck plaintiff in the face. This negligence action was thereafter commenced against defendant who in turn served a third-party complaint on National Little League of Albany, Inc. (National). Special Term granted summary judgment dismissing the third-party complaint, but denied defendant's cross motion to dismiss plaintiffs' complaint. This appeal ensued.

Assuming *arguendo* that National owed a duty of reasonable supervision to plaintiff, we are of the view that Special Term must, nevertheless, be affirmed on the issue of National's liability since lack of supervision was not, as a matter of law, a proximate cause of the accident *(Turano v City of New York,* 17 AD2d 191).

We now direct our attention to Special Term's denial of the cross motion to dismiss the complaint. The record reveals that plaintiff had played one year of organized little league baseball prior to the accident in question and that he voluntarily chose to sit on a steel drum instead of in a more protected area. It is a well-established principle of law that a spectator at a sporting event assumes the obvious and necessary risks incidental to the game *(Heim v Mitchell-Harlee Camps,* 262 NY 523; *Cadieux v Board of Educ. of City School Dist. of City of Schenectady,* 25 AD2d 579; *Bennett v Board of Educ. of City of N. Y.,* 16 AD2d 651, affd 13 NY2d 1104; *Lutzker v Board of Educ. of City of N. Y.,* 262 App Div 881, affd 287 NY 822). Special Term, in our opinion, erred in not dismissing the complaint and that portion of the judgment, therefore, must be reversed.

The order should be modified, on the law, by reversing so

much thereof as denied the cross motion to dismiss the complaint, and, as so modified, affirmed, without costs.

GREENBLOTT, J. P., KANE, MAHONEY and HERLIHY, JJ., concur.

Order modified, on the law, by reversing so much thereof as denied the cross motion to dismiss the complaint, and, as so modified, affirmed, without costs.