■ MARY BEAVER, Appellant, v DONALD BATROUNY et al., Respondents, et al., Defendants.—Judgment unanimously affirmed, without costs. Memorandum: Plaintiff was injured about 3:30 one afternoon when crossing Ninth Street in Niagara Falls. As she walked from west to east, James Byers backed into her and knocked her down at a point about eight feet from the

easterly *curb*. At the time, Byers and the infant defendants were playing touch football in the street. Just before the accident, Byers was being chased by defendant Diehl. He "faded back" to throw a pass to his teammate, defendant Li Castro, guarded by defendant Batrouny. The mishap occurred as Li Castro and Batrouny ran north. The boys testified that there were cars parked on both sides of the street and that they did not see Mrs. Beaver until the accident. Byers was adjudicated a bankrupt and the action was dismissed as to him. Defendant Diehl defaulted in answering and the trial proceeded against the "*wide receiver*" (*defendant Li Castro*) and the "*free safety*" (defendant Batrouny). The jury returned a verdict of no cause of action in their favor. Plaintiff assigns several errors but since we find no basis for liability against these defendants, we affirm. Defendants' conduct in running north on the street, away from plaintiff at the time of the accident, obviously was not actionable. If liability is to be fastened upon them, it must be because they participated in the game and are jointly and severally liable with Byers and Diehl for any negligence by them. Plaintiff urges that they are liable because the game played in the public street was a nuisance. No statute or ordinance prohibited the conduct, however, and we think the court's charge on nuisance was more than plaintiff deserved. To constitute a public nuisance, the boys' conduct must have been unreasonable and must have substantially interfered with the rights of others in the public highway (see Prosser, Torts [4th ed], p 573 *et seq.*). The conduct of four teen-age boys playing touch football hardly falls into that category. For similar reasons the court correctly refused to charge that the conduct was a public nuisance because it violated the provisions of subdivision 5 of section 240.20 of the Penal Law which prohibit obstructing vehicular or pedestrian traffic (see Denzer and McQuillan, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 240.20, p 129). Nor may defendants engaged in a neighborhood game be vicariously liable as participants in a joint venture or enterprise (see, generally, 2 Harper and James, Law of Torts, § 26.13), or as parties acting in concert in a dangerous contest (see *De Carvalho v Brunner,* 223 NY 284; *Finn v Morgan,* 46 AD2d 229, 232 [drag racing]). Obviously, the boys were playing their game together, but the activity was not unlawful and it was not inherently dangerous (see *Carrillo v Kreckel,* 43 AD2d 499; Prosser, Torts [4th ed], p 571 *et seq.*). We have considered the other points in the briefs and find that none is grounds for reversal. (Appeal from judgment of Niagara Supreme Court—negligence.) Present—Cardamone, J. P., Simons, Schnepp, Callahan and Doerr, JJ.