■ PATRICK O'NEILL et al., Appellants, v KENNETH DANIELS, Respondent.—Order unanimously affirmed without costs. Memorandum: Plaintiff was injured when he was struck in the eye by a softball thrown by defendant, a teammate, during "warm-up" activities prior to an amateur softball game. Spe-

cial Term granted defendant's motion for summary judgment and dismissed the complaint. Plaintiff appeals, contending that the court erred in holding defendant not negligent as a matter of law on the ground that he (plaintiff) did not assume a known or foreseeable risk so as to relieve defendant of liability.

"Traditionally, the participant's conduct was conveniently analyzed in terms of the defensive doctrine of assumption of risk. With the enactment of the comparative negligence statute, however, assumption of risk is no longer an absolute defense (see, CPLR 1411, eff Sept. 1, 1975). Thus, it has become necessary, and quite proper, when measuring a defendant's duty to a plaintiff to consider the risks assumed by the plaintiff" (Turcotte v Fell, 68 NY2d 432, 437-438). The duty of care owed to plaintiff "must be evaluated by considering the risks plaintiff assumed * * * and how those assumed risks qualified defendants' duty to him" (Turcotte v Fell, supra, at 438).

It is clear that plaintiff's participation in the game "warm-up" was voluntary, and thus our concern is only with the scope of his consent. It is well established that participants may be held to have consented, by their participation, to injury-causing events which are known, apparent or reasonably foreseeable, but they are not deemed to have consented to acts which are reckless or intentional (Turcotte v Fell, supra, at 439; Maddox v City of New York, 66 NY2d 270, 277-278; McGee v Board of Educ., 16 AD2d 99, lv denied 13 NY2d 596). The question of whether the consent was an informed one includes consideration of the participant's general knowledge and experience in the activity.

We conclude that plaintiff understood and accepted the dangers of the sport, including those resulting from carelessness during "warm-up" activities, and accordingly plaintiff's complaint was properly dismissed. (Appeal from order of Supreme Court, Monroe County, Wagner, J.—summary judgment.) Present—Dillon, P. J., Doerr, Green, Balio and Davis, JJ.