■ RICHARD D. SUTFIN, Individually and as Father and Natural Guardian of MICHAEL SUTFIN, et al., Respondents-Appellants, v JOHN A. SCHEUER et al., Appellants-Respondents.—Order modified on the law and as modified affirmed

without costs, in accordance with the following memorandum: Defendants appeal and plaintiffs cross-appeal from an order denying their cross motions for summary judgment in this action to recover for injury sustained by plaintiff as a result of being struck by a baseball in the course of defendants' game of "catch". The basic facts are not in dispute. Defendants Scheuer and Bauer, ages 15 and 14, respectively, had been playing catch in the street in front of their homes for approximately one-half hour when their neighbor, plaintiff Sutfin, age 15, came along. Plaintiff had played baseball on Little League or school teams since the age of six and had just returned from watching a Little League game. Plaintiff engaged in conversation with 2 or 3 companions who were standing about 10 feet behind Bauer; plaintiff was not watching the game. After 5 to 10 minutes, a ball thrown by Bauer eluded Scheuer, who was about 25 feet away. Scheuer retrieved the ball and, from a distance of about 75 feet, threw the ball which eluded Bauer. Bauer yelled, "Heads up"; plaintiff turned and was struck in the face by the ball. Thereafter, plaintiff commenced this negligence action against defendants.

We conclude that the court erred in denying defendants' motion for summary judgment dismissing the complaint. In a suit against participants in a game, a spectator generally will be held to have assumed the risks inherent in the game, including the specific risk of being struck (see, *Clark v Goshen Sunday Morning Softball League,* 122 AD2d 769, *affg* 129 Misc 2d 401 [softball]; *O'Bryan v O'Connor,* 59 AD2d 219 [baseball bat]; *Valk v Estro,* 47 AD2d 640 [handball]; *Carrillo v Kreckel,* 43 AD2d 499 [horseshoes]; *see also, Beaver v Batrouny,* 71 AD2d 821 [quarterback "faded back" and bumped a passerby]). This doctrine of assumption of risk connotes an absence of duty to plaintiff on the part of defendant, i.e., plaintiff's consent to and acceptance of the risk, and is distinct from the doctrine which CPLR 1411 requires to be considered as a component of plaintiff's contributory fault (see, *Clark v Goshen Sunday Morning Softball League,* 129 Misc 2d 401, 410-415, *supra).* Plaintiff, an experienced baseball player, assumed the risk of being struck by a baseball when, although conscious that a game of catch was in progress, he deliberately placed himself in proximity to it. Therefore, defendants had no duty to plaintiff and cannot be held liable for the injury sustained by him.

Although plaintiff contends that he was not a "spectator" but rather a "bystander", we do not find the distinction persuasive. Although one case distinguishes between a "spec-

tator" and a "casual passerby" *(see, Clark v Goshen Sunday Morning Softball League,* 129 Misc 2d 401, 404, *supra),* the cases make no distinction between a "spectator" and a "bystander". On the contrary, in the cases most closely analogous to this one, courts have held that persons standing near the game, but not paying close attention to it, are nevertheless spectators to whom no duty is owed *(see, Carrillo v Kreckel, supra; Clark v Goshen Sunday Morning Softball League,* 129 Misc 2d 401, *supra).* On these facts, we conclude that the plaintiff was merely an inattentive spectator. We note that, if the rule were otherwise, a serious anomaly would result; a vigilant observer would not be entitled to recover, but an inattentive one would.

Although not necessary to our disposition of the case, we question the dissent's assumption that it is even arguably negligent for youngsters to make an errant throw or fail to catch an errant throw during a game of catch. Such conduct does not evince a failure to exercise due care. The risk of an errant throw or miss catch is inherent in the game and, absent allegations that defendants engaged in wanton, reckless, or intentional conduct, they should not be found liable for less than perfect execution. "[W]hat the scorekeeper may regard as an 'error' is not the equivalent, in law, of negligence" *(McGee v Board of Educ.,* 16 AD2d 99, 102). Neither can we conclude that there is anything inherently unreasonable about the way defendants were conducting their game or where they chose to conduct it. At the time of the incident, they were playing in the street in front of their homes, throwing the ball a distance of 25 to 75 feet. That is not unreasonable conduct on the part of adolescents *(see, Beaver v Batrouny, supra* [playing football in the street]; *Carrillo v Kreckel, supra* [pitching horseshoes in the street]). As we have previously expressed, "[I]f children were to be held liable for damages resulting from accidents occurring during play, it would not only open the door for a new and vast field of litigation, but would also 'make it necessary for children to stand about * * * with folded hands * * * for fear they might negligently brush against one of their fellows and become liable' " *(Carrillo v Kreckel, supra,* at 502, quoting *Briese v Maechtle,* 146 Wis 89, 91, 130 NW 893, 894).

All concur, except Pine and Davis, JJ., who dissent and vote to affirm, in the following memorandum.

Pine and Davis, JJ. (dissenting). We dissent and vote to affirm denial of summary judgment to any party. The majority holds that plaintiff assumed the risk of being struck by the

baseball by standing in the street 10 feet behind one of the defendants even though he was not watching the game and even though the defendants, who had been playing catch 25 feet apart, were standing 75 feet apart when the errant ball was thrown. Even a participant would be held to have consented only to those injury-causing events which are known, apparent, or reasonably foreseeable consequences of the participation *(Turcotte v Fell,* 68 NY2d 432, 439). There is no basis in this record to find as a matter of fact or as a matter of law that plaintiff consented to the risk that a baseball thrown to a person 75 feet away might go astray and injure him.

We disagree with the majority's statement that, analyzing the facts in terms of duty, defendants had no duty to plaintiff. Their duty, even to a participant, would be to exercise care to make the conditions as safe as they appear to be. "If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty" *(Turcotte v Fell, supra,* at 439). The tripling of the distance between defendants clearly increased the danger to plaintiff and was unknown to him. In our view a jury issue is presented as to the culpable conduct, if any, of plaintiff and each defendant. (Appeals from order of Supreme Court, Erie County, Kane, J.—summary judgment.) Present—Doerr, J. P., Denman, Boomer, Pine and Davis, JJ.