■ STEVEN M. MARLOWE, an Infant, by His Parent and Natural Guardian, STEVEN L. MARLOWE, et al., Respondents, v RUSH-HENRIETTA CENTRAL SCHOOL DISTRICT et al., Appellants. —Order reversed on the law without costs, motion and cross motion granted. Memorandum: Plaintiff, a 17-year-old student at defendant school district, was participating in a baseball game when he was struck in the face and mouth by a baseball bat thrown by defendant Nesmith, a fellow student, after hitting the ball. The game occurred during a gym class voluntarily joined by plaintiff during his lunch break. The court erred in denying defendant Nesmith's motion and defendant school district's cross motion for summary judgment dismissing plaintiff's complaint. Plaintiff assumed the risk that a bat might be thrown accidentally and there is no allegation that Nesmith's conduct was intentional or reckless (*see, O'Bryan v O'Connor,* 59 AD2d 219; *see, e.g., Sutfin v Scheuer,* 145 AD2d 946, *affd* 74 NY2d 697; *O'Neill v Daniels,* 135 AD2d 1076, *lv denied* 71 NY2d 802; *see generally, Turcotte v Fell,* 68 NY2d 432, 439). The school district breached no duty to protect plaintiff from "unassumed, concealed or unreasonably increased risks" (*Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 658).

All concur, except Dillon, P. J., and Lawton, J., who dissent and vote to affirm, in the following memorandum.

Dillon, P. J., and Lawton, J. (dissenting). We must dissent. The majority concludes, as a matter of law, that plaintiff assumed the risk of being struck by a bat thrown at least 35

feet by defendant Nesmith. A participant in a sporting activity assumes only risks that are known, apparent or reasonably foreseeable *(see, O'Neill v Daniels,* 135 AD2d 1076, 1077). Further, whether a risk is assumed is generally a factual question to be determined based on plaintiff's skill, experience and awareness of the risk *(see, Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 657; *Jackson v Livingston Country Club,* 55 AD2d 1045; *Dillard v Little League Baseball,* 55 AD2d 477, 480, *lv denied* 42 NY2d 801). Here, plaintiff admitted that he knew that bats are occasionally thrown during baseball games, but stated that he had never seen a bat "travel in the air anywhere near the distance" thrown by defendant. Further, defendant has failed to produce any evidence that throwing a bat that distance was a known and reasonably foreseeable risk inherent in the game. Since a question exists whether the risk was apparent or reasonably foreseeable, summary judgment must be denied.

Further even if we were to find that plaintiff assumed the risk, summary judgment is still not warranted. Defendant Nesmith does not assert that the bat slipped from his grasp, but rather admitted he "let the bat go". Because of Nesmith's improper conduct the bat traveled in the air at least 35 feet. The record establishes that Nesmith had a history of bat throwing and because of this behavior was referred to by the other players as the "Dave Winfield" of Roth High School. Further, plaintiff stated that when he previously observed Nesmith batting, Nesmith upon hitting the ball would release the bat, causing it to fly in a trajectory parallel to the ground. Plaintiff in his complaint alleged in part that Nesmith threw the bat and that his conduct was in deviation of the rules of the game.

In reviewing a summary judgment motion, we must accept as true the evidence presented by the nonmoving party and the motion must be denied if there is even arguably any doubt as to the existence of a triable issue *(see, Hourigan v McGarry,* 106 AD2d 845). Here, given Nesmith's history of bat throwing in clear contravention of the rules of baseball and his admission that he "let the bat go", a triable issue exists whether his conduct was reckless or wanton, which precludes summary judgment *(see, Turcotte v Fell,* 68 NY2d 432, 439).

Finally, since the employees of defendant school district allegedly knew of Nesmith's history of bat throwing and there is no showing that they adequately enforced safety rules to prevent such conduct or instructed Nesmith as to proper conduct, the issue of whether their actions were reasonable or

constituted a breach of their duty of care may not be resolved summarily *(see, Merkley v Palmyra-Macedon Cent. School Dist.,* 130 AD2d 937). (Appeals from order of Supreme Court, Monroe County, Willis, J.—summary judgment.) Present—Dillon, P. J., Boomer, Pine, Lawton and Lowery, JJ.