■ RAUL CUESTA et al., Respondents, v IMMACULATE CONCEPTION ROMAN CATHOLIC CHURCH et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Queens County (Joy, J.), dated November 3, 1988, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the defendants' motion for summary judgment is granted, and the complaint is dismissed.

The plaintiff Raul Cuesta was injured when he was struck in the eye by a baseball thrown by the catcher as Raul stood behind the pitcher, while serving as a volunteer umpire at his son's Little League game. The game was being played under the sponsorship of the defendant Immaculate Conception Youth Program, Little League of Astoria.

Pursuant to the doctrine of assumption of risk, an injured party may not seek compensation for injuries incurred as the consequence of some risk or danger usually associated with a pursuit voluntarily undertaken. Thus, when it is shown indisputably that a particular injury was caused by a condition or practice which is common to a particular sport *(see, e.g., Turcotte v Fell,* 68 NY2d 432), summary judgment is warranted. We find this to be such a case. The injury is one common to the sport of baseball, and was foreseeable by the plaintiff prior to accepting the job as umpire. Moreover, the injured plaintiff has failed to present any evidence that he had no choice but to follow the direction of the man in the stands who said, "Come on, get your butt out there and be the umpire". Therefore, there has been no showing of inherent compulsion as a matter of law *(see, Benitez v New York City Bd. of Educ.,* 73 NY2d 650).

Finally, we find that the injured plaintiff's level of understanding of the game of baseball was sufficient to constitute an acceptance of the dangers of the sport (see, O'Neill v Daniels, 135 AD2d 1076). Bracken, J. P., Brown, Kunzeman and Harwood, JJ., concur.