■ BOBBY CHECCHI, Respondent, v TONY SOCORRO, an Infant, by His Father and Natural Guardian, ANTHONY F. SOCORRO, et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendant appeals from so much of

an order of the Supreme Court, Westchester County (Marbach, J.), entered June 6, 1989, as denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the motion is granted, and the complaint dismissed.

The plaintiff was injured when he was struck in the eye by a bat which flew out of the hands of the infant defendant Tony Socorro while playing stickball. As this court recently stated, "[p]ursuant to the doctrine of assumption of risk, an injured party may not seek compensation for injuries incurred as the consequence of some risk or danger usually associated with a pursuit voluntarily undertaken. Thus, when it is shown indisputably that a particular injury was caused by a condition or practice which is common to a particular sport *(see, e.g., Turcotte v Fell,* 68 NY2d 432), summary judgment is warranted" *(Cuesta v Immaculate Conception R. C. Church,* 168 AD2d 411). We find this to be such a case. The danger of a bat slipping out of a player's hands is common in a game of stickball, and was foreseeable by the plaintiff. Moreover, the plaintiff failed to present any evidence that the slight difference in diameter of the bat or the lack of tape on the end enhanced the risks inherent in the game of stickball. Mangano, P. J., Thompson, Eiber and Rosenblatt, JJ., concur.