■ MATTHEW E. REDDEN, an Infant, by LINDA A. REDDEN, His Mother and Guardian, et al., Appellants, v DAN CURREN, an Infant, by MARTHA BAUM, His Mother and Guardian, Respondent. [666 NYS2d 334] —Mercure, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered July 30, 1996 in Rensselaer County, upon a verdict rendered in favor of defendant.

Plaintiffs commenced this action to recover for injuries sustained by plaintiff Matthew E. Redden (hereinafter plaintiff) during a pickup baseball game. It is undisputed that plaintiff was injured when a baseball bat flew from defendant's hands after defendant had already hit a ground ball to the first baseman and been called out on a double play. The matter proceeded to trial and, at the conclusion of the evidence, defendant moved to dismiss the complaint as legally barred by the doctrine of assumption of risk (*see, Checchi v Socorro*, 169 AD2d 807, *lv denied* 78 NY2d 863; *Marlowe v Rush-Henrietta Cent. School Dist.*, 167 AD2d 820, *affd* 78 NY2d 1096; *O'Bryan v O'Connor*, 59 AD2d 219). Essentially conceding that dismissal was required in the event of a finding that defendant's bat had been accidentally released, plaintiff pointed to trial evidence supporting a finding that the bat was "thrown in a fit of anger and unsportsmanlike conduct", which, if credited by the jury, would support a finding that defendant's conduct was intentional or reckless and thus "over and above the usual dangers that are inherent in the sport" (*Laboy v Wallkill Cent. School Dist.*, 201 AD2d 780, 781; *see, Marlowe v Rush-Henrietta Cent. School Dist.*, *supra*).

Supreme Court granted plaintiffs' motion to amend the complaint to conform to the proof and denied defendant's dismissal motion, finding that there was a question of fact for the jury as to whether defendant threw the bat accidentally, on the one hand, or intentionally or recklessly, on the other. Thereafter, the jury rendered a verdict responding "Yes" to the first interrogatory put to them, "Was the release of the bat accidental?". Supreme Court denied plaintiffs' subsequent motion to set aside the verdict as against the weight of the evidence and entered judgment in favor of defendant dismissing the complaint on the merits. Plaintiffs appeal.

We affirm. Plaintiffs' primary contention is that Supreme Court's submission of the first interrogatory on the jury questionnaire usurped the jury's function and, in fact, left it with no choice but to render a verdict in favor of defendant. We

disagree. In our view, the subject interrogatory was an entirely proper response (actually, an accommodation) to plaintiff's end-of-trial introduction of the issue of whether defendant's actions may have been reckless or intentional, as opposed to accidental, the very distinction that was drawn in *Marlowe v Rush-Henrietta Cent. School Dist.* (*supra*) and contended by plaintiffs in opposition to defendant's motion to dismiss. Nor are we persuaded that the wording of the interrogatory caused the jurors to erroneously believe that they could respond in the negative only if they determined that defendant had purposely thrown the bat at plaintiff. To the contrary, no claim was made that it was defendant's intention to strike plaintiff and, based on the parties' closing statements and Supreme Court's charge, we conclude that the jurors were properly apprised that they could respond "No" if they believed, as plaintiffs asserted, that defendant had intentionally or recklessly flung his bat in a fit of anger.

Plaintiffs' remaining contentions are unpreserved for our review and are in any event found to be unavailing.

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.