*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 5, 2015                    520158
_____

JAMES C. MORRISEY et al.,
                    Appellants,

        v                                    MEMORANDUM AND ORDER

GARY D. HASKELL,
                    Respondent.
_____


Calendar Date:  September 8, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

                    _____


        Levene Gouldin & Thompson, LLP, Binghamton (David M.
Gouldin of counsel), for appellants.

        Barclay & Damon, LLP, Syracuse (Alan R. Peterman of
counsel), for respondent.

                    _____


Lynch, J.

        Appeal from an order of the Supreme Court (Reynolds
Fitzgerald, J.), entered August 26, 2014 in Broome County, which
granted defendant's motion for summary judgment dismissing the
complaint.

        Plaintiff James C. Morrisey, and his spouse, derivatively,
commenced this action after he was struck by a bat and injured
during a softball game that he was umpiring.  It is undisputed
that Morrisey, who was not wearing a face mask, was injured when
defendant threw his bat after hitting an infield pop-up.  Supreme
Court granted defendant's motion for summary judgment dismissing
the complaint.  Plaintiffs appeal.

        We affirm.  Under the primary assumption of risk doctrine,

a participant, including an umpire, in a sport such as softball "consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484 [1997]). Such risks include getting hit with a ball or a bat during a baseball game, particularly for an experienced participant (see Bukowski v Clarkson Univ., 19 NY3d 353, 356 [2012]; Roberts v Boys & Girls Republic, Inc., 10 NY3d 889, 889 [2008]; Morgan v State of New York, 90 NY2d at 484-485; Muniz v Warwick School Dist., 293 AD2d 724, 724 [2002]; Redden v Curren, 245 AD2d 861, 861 [1997]; Checchi v Socorro, 169 AD2d 807, 808 [1991], lv denied 78 NY2d 863 [1991]; Marlowe v Rush-Henrietta Cent. School Dist., 167 AD2d 820, 820 [1990], affd 78 NY2d 1096 [1991]). That said, "participants are not deemed to have assumed risks resulting from the reckless or intentional conduct of others" (Custodi v Town of Amherst, 20 NY3d 83, 88 [2012]; see Morgan v State of New York, 90 NY2d at 485).

To begin, we find unpersuasive plaintiffs' claim that getting hit with a bat is not an inherent risk in a slow pitch, 65-year-old and older softball game. Neither the age of the players nor the velocity of the pitch negates the readily apparent risk of a batter releasing the bat after a swing. The record shows that Morrisey has extensive experience as an umpire and no claim is made that defendant intentionally threw the bat at him. The issue distills to whether defendant recklessly threw the bat, creating a risk "'over and above the usual dangers that are inherent in the sport'" (Redden v Curren, 245 AD2d at 861, quoting Laboy v Wallkill Cent. School Dist., 201 AD2d 780, 781 [1994]).

During his deposition, defendant testified that, after hitting the ball, he headed towards first base and, about 10 feet up the baseline, tossed the bat towards the dugout. He denied being upset, and stated that the bat "wasn't thrown hard." This description was supported by defendant's teammate, Harold White, who confirmed during his deposition that defendant tossed the bat toward the dugout about 10 to 15 feet up the first baseline, that the bat was not thrown forcefully and that defendant did not appear to be angry. Although Morrisey averred that he stayed in position after defendant hit the ball, White, Olin Henneman (a

player from the opposing team) and Paul Farbanish, defendant's manager, all testified that Morrisey was approximately 8 to 10 feet up the first baseline when he fell after being struck by the bat.

Given the foregoing, we find that defendant met his burden of proving that his conduct was not reckless and that Morrisey's injury resulted from an inherent risk of the game.  In opposition to the motion, Morrisey maintains that Farbanish told him that defendant threw the bat in anger.  Plaintiffs also submitted the affidavit of Charles Wheeler, affiliated with the Binghamton Umpire's Association, who stated that he heard from "a couple of witnesses" that defendant threw the bat "out of apparent anger." Both statements are hearsay, and plaintiffs have failed to produce additional competent evidence of recklessness or a reasonable excuse for failing to do so (see Craft v Whittmarsh, 83 AD3d 1271, 1273 [2011]).  To the contrary, Farbanish explained during his deposition that after defendant popped up the ball, he looked down to record the out in his scorebook.  When asked whether he informed Morrisey that defendant threw his bat in anger, Farbanish responded, "Not that I could recall, no."  While we recognize that plaintiffs also offered the notarized statement of Kevin Norton, who observed the bat "moving very fast" just prior to impact, Norton did not observe the manner in which defendant released the bat.  As such, we conclude that plaintiffs failed to raise an issue of fact as to whether defendant acted recklessly in discarding the bat, and Supreme Court properly granted defendant's motion for summary judgment (see Marlowe v Rush-Henrietta Cent. School Dist., 167 AD2d at 820).

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.




ENTER:

Robert D. Mayberger
Clerk of the Court